```
 1  Kent Khtikian, Esq. (State Bar #99843)
    Kimberly A. Hancock, Esq. (State Bar #205567)
 2  Katzenbach and Khtikian
    1714 Stockton Street, Suite 300
 3  San Francisco, California  94133-2930
    (415) 834-1778
 4
    Attorney for Plaintiffs
 5
 6
 7
 8
                     UNITED STATES DISTRICT COURT
 9
                   NORTHERN DISTRICT OF CALIFORNIA
10
11  TRUSTEES OF THE BRICKLAYERS LOCAL NO.  )  CASE NO.
    3 PENSION TRUST; TRUSTEES OF THE        )
12  BRICKLAYERS LOCAL NO. 3 HEALTH AND      )
    WELFARE TRUST; TRUSTEES OF THE          )
13  BRICKLAYERS AND ALLIED CRAFTS LOCAL     )  COMPLAINT FOR BREACH OF
    NO. 3 APPRENTICE TRAINING TRUST;        )  COLLECTIVE BARGAINING
14  INTERNATIONAL UNION OF                  )  AGREEMENT; RECOVERY OF
    BRICKLAYERS AND ALLIED CRAFTSMEN,       )  DELINQUENT WAGE & FRINGE
15  AFL-CIO, LOCAL UNION NO. 3, on behalf   )  BENEFIT CONTRIBUTIONS;
    of itself and as agent for              )  INJUNCTION; BOND
16  its members; TRUSTEES OF THE            )
    INTERNATIONAL UNION OF BRICKLAYERS AND  )
17  ALLIED CRAFTSMEN PENSION FUND,          )
                                            )
18      Plaintiffs,                         )
                                            )
19  vs.                                     )
                                            )
20  DARRAGH CORPORATION, a Texas            )
    corporation; CNC CONTRACTORS, INC.,     )
21  dba SUNBELT CNC CONTRACTORS, a Texas    )
    corporation; DARRAGH DIMENSIONAL STONE, )
22  a California corporation; JOHN          )
    DARRAGH BEVAN; WESTERN SURETY COMPANY,  )
23  a South Dakota corporation; STAR        )
    INSURANCE COMPANY, a Michigan           )
24  corporation;                            )
                                            )
25      Defendants.                         )
                                            )
26  ────────────────────────────────────────
27       Plaintiffs, and each of them, complain against the above-
    named defendants and allege as follows:
28
```

# I
## FIRST CLAIM FOR RELIEF
### (Delinquent Contributions)
### (29 U.S.C. Section 1145)

1. This is an action to collect unpaid contributions to multiemployer benefit plans pursuant to the terms of each plan, its respective trust agreement and a collective bargaining agreement. Jurisdiction of this action is conferred on this Court by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(a), (e), and (f) and 1145. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

2. This District is the appropriate venue for this action, pursuant to 29 U.S.C. Section 1132(e)(2), as all of the plans are administered in this District and the breach took place in this District.

3. Plaintiff, BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 3, AFL-CIO, an affiliate of the International Union Of Bricklayers And Allied Craftsmen, hereinafter the "Union", is and at all times material herein was a labor organization and the collective bargaining representative for persons who are engaged, by Defendant as masons in the construction industry in 46 counties in northern California. As such the Union is a employee organization representing employees in an industry affecting commerce, within the meaning of Section 301 of the LMRA, the definitions contained in Sections 2(5), and 501(1) and (3) of the LMRA (29 U.S.C. Sections 152(5), 142(1) & (3)) and 29 U.S.C. Sections 1002(4) and 1003. The Union maintains its principal office for such purpose in Oakland, California.

1  4. Plaintiffs, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3
2  HEALTH AND WELFARE TRUST (hereinafter the "Welfare Trust"),
3  TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST
4  (hereinafter the "Pension Trust") , TRUSTEES OF THE BRICKLAYERS
5  AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST
6  (hereinafter the "Apprentice Trust"), and TRUSTEES OF THE
7  INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION
8  FUND (hereinafter the "International Pension Trust") are trustees
9  and fiduciaries of multiemployer employee benefit plans pursuant
10 to ERISA, 29 U.S.C. Sections 1002(3) and (37) and 1132(d)(1).
11 The Welfare Trust, the Pension Trust, and Apprentice Trust each
12 has its office in San Francisco, California. The plaintiffs
13 identified in this paragraph is hereinafter referred to,
14 individually and collectively, as the "Trusts".
15      5. The Union brings this action on behalf of itself and as
16 agent for it members hereinafter referred to as "Mason
17 Employees".  The Mason Employees were employed by defendants to
18 perform work under the collective bargaining agreement described
19 in paragraph 13 of this complaint.
20      6. Defendant DARRAGH CORPORATION (hereinafter "DARRAGH")was
21 at all material times herein a corporation, incorporated in the
22 State of California, with its principal place of business in
23 Sacramento County, California.  At all times material herein,
24 DARRAGH has engaged in the construction industry in California
25 and as such has been an employer engaged in an industry or
26 activity affecting commerce within the meaning of 29 U.S.C.
27 Sections 1002(5) and 1003, Section 301 of the LMRA, and of the
28 definitions contained in Sections 2(2), and 501(1) and (3) of the

COMPLAINT

3

1  LMRA (29 USC Sections 152(2), 142(1) & (3)). DARRAGH was at all
2  materials times herein a licensed masonry contractor.
3      7. Defendant DARRAGH DIMENSIONAL STONE (hereinafter "DARRAGH
4  STONE")was at all material times herein a corporation,
5  incorporated in the State of California, with its principal place
6  of business in Sacramento County, California.  At all times
7  material herein, DARRAGH STONE has engaged in the construction
8  industry in California and as such has been an employer engaged
9  in an industry or activity affecting commerce within the meaning
10 of 29 U.S.C. Sections 1002(5) and 1003, Section 301 of the LMRA,
11 and of the definitions contained in Sections 2(2), and 501(1) and
12 (3) of the LMRA (29 USC Sections 152(2), 142(1) & (3)). DARRAGH
13 STONE was at all materials times herein a licensed masonry
14 contractor.
15     8. Defendant CNC CONTRACTORS, INC. dba SUNBELT CNC
16 CONTRACTORS (hereinafter "CNC") is, and at all times material
17 hereto was, a Texas corporation and California licensed general
18 building and roofing contractor ("CNC").  CNC is alleged to be
19 the alter ego of DARRAGH, DARRAGH STONE and CNC, all with their
20 principal place of business located at 2751 Land Avenue,
21 Sacramento, California, and John Darragh Bevan.
22     9. Plaintiffs are informed and believe that, at all times
23 material herein, there existed a unity of interest and ownership
24 between DARRAGH, DARRAGH STONE and CNC such that any
25 individuality and separateness between DARRAGH, DARRAGH STONE and
26 CNC have ceased, and DARRAGH STONE and CNC are the alter egos of
27 DARRAGH and of each other for the reasons stated in that at all
28 times mentioned: DARRAGH, DARRAGH STONE and CNC were owned by the

COMPLAINT

1  same person, John Darragh Bevan; DARRAGH, DARRAGH STONE and CNC
2  are managed and supervised by the same person; DARRAGH, DARRAGH
3  STONE and CNC share a large number of employees; a substantial
4  portion of the work done by DARRAGH, DARRAGH STONE and CNC has
5  been for the same clients; DARRAGH, DARRAGH STONE and CNC shared
6  equipment and accounts; and, the assets of DARRAGH, DARRAGH STONE
7  and CNC were intermingled to suit the convenience of John Darragh
8  Bevan, to such an extent that any individuality or separateness
9  of DARRAGH, DARRAGH STONE and CNC does not, and at all times
10 mentioned herein did not, exist.
11     10. Defendant JOHN DARRAGH BEVAN (hereinafter "JOHN BEVAN")
12 is, and at all times material hereto was, the sole owner of
13 DARRAGH, DARRAGH STONE and CNC, the President of DARRAGH, DARRAGH
14 STONE and CNC,, the controlling director and officer of DARRAGH,
15 DARRAGH STONE and CNC, and the alter ego of DARRAGH, DARRAGH
16 STONE and CNC, with his place of residence in California.
17     11. Plaintiffs are informed and believe that, at all times
18 material herein, there existed a unity of interest and ownership
19 between JOHN BEVAN and DARRAGH and between JOHN BEVAN and DARRAGH
20 STONE and between JOHN BEVAN and CNC, such that any individuality
21 and separateness between JOHN BEVAN, DARRAGH, DARRAGH STONE and
22 CNC have ceased, and DARRAGH, DARRAGH STONE and CNC are the alter
23 egos of JOHN BEVAN for the reasons stated in that DARRAGH,
24 DARRAGH STONE and CNC are, and at all times mentioned were: so
25 inadequately capitalized that, compared with the business to be
26 done by DARRAGH, DARRAGH STONE and CNC and the risks of loss
27 attendant thereon, their capitalization was trifling; a mere
28 shell and sham without capital, assets, stock or stockholders;

1  JOHN BEVAN used assets of DARRAGH, DARRAGH STONE and CNC for his
2  personal uses, caused assets of DARRAGH, DARRAGH STONE and CNC to
3  be transferred to him and from one corporation to the other
4  without adequate consideration and DARRAGH, DARRAGH STONE and CNC
5  used assets of JOHN BEVAN and of each other for their corporate
6  purposes; JOHN BEVAN completely controlled, dominated, managed
7  and operated DARRAGH, DARRAGH STONE and CNC and other businesses
8  owned by JOHN BEVAN, intermingled the assets of each to suit JOHN
9  BEVAN's convenience and in order to evade payment of the
10 obligations owed to plaintiffs and other creditors of DARRAGH,
11 DARRAGH STONE and CNC; the activities and business of DARRAGH,
12 DARRAGH STONE and CNC were carried out without the holding of
13 directors' or shareholders' meetings and no records or minutes of
14 any corporate proceedings were maintained; and, JOHN BEVAN
15 carried on his construction business in the corporate names ,
16 exercising complete control and dominance of such businesses to
17 such an extent that any individuality or separateness of JOHN
18 BEVAN, DARRAGH, DARRAGH STONE and CNC does not, and at all times
19 mentioned herein did not, exist.
20      12. Adherence to the fiction of the separate existence of
21 the defendant corporation, DARRAGH, as an entity distinct from
22 DARRAGH STONE, CNC and JOHN BEVAN would permit an abuse of the
23 corporate privilege and would sanction fraud or promote
24 injustice.  DARRAGH, DARRAGH STONE, CNC and JOHN BEVAN are
25 jointly and severally liable for all of the damages and other
26 obligations of DARRAGH alleged in this complaint.
27      13. At all times material herein, the Union has been party
28 to  written collective bargaining agreements with DARRAGH which

agreements require that DARRAGH and its alter egos, DARRAGH STONE, CNC and JOHH BEVAN, pay various wages and fringe benefits to their employees. Pursuant to the terms of the collective bargaining agreements, DARRAGH agreed to be bound by the terms and conditions of each of the trust agreements under and in accordance with which each of the Trusts was established and is maintained.

14. The collective bargaining agreement and the trust agreements all require DARRAGH to report in writing each month to the administrator of the Trusts the total number of hours worked by any person employed by DARRAGH or by DARRAGH's alter egos, DARRAGH STONE and CNC, to perform work within the jurisdiction of the collective bargaining agreement (hereinafter referred to as the "remittance reports"). The collective bargaining agreement and the trust agreements all require DARRAGH to submit those monthly remittance reports together with the payments indicated by those reports to the administrator of the Trusts by the 15th day of the calendar month first following the calendar month in which the hours were worked.

15. The collective bargaining agreements and the trust agreements all require DARRAGH, DARRAGH STONE and CNC to submit to the Union and the Trusts all records necessary for the Union and Trusts to audit the accuracy of DARRAGH's reports to the Trusts. The collective bargaining agreements and trusts agreements all further require DARRAGH to pay the cost of any audit performed of DARRAGH, DARRAGH STONE and CNC's employment records which shows a failure by DARRAGH to report hours worked by DARRAGH's employees and the employees of its alter egos within

1 | the jurisdiction of the collective bargaining agreements.

2 | 16. Plaintiffs have audited DARRAGH's records for the period from December 1, 2003 through December 31, 2006 (hereinafter the "2003-2006 Audit"). The 2003-2006 Audit has disclosed that DARRAGH has failed to report and pay at least $7,440.94, in wages and fringe benefits. The Plaintiffs have incurred auditor's fees of $935.00.

17. DARRAGH refused to produce all records necessary to complete the 2003-2006 Audit, specifically refusing to produce i) California DE6 Quarterly Contribution Returns, union reports and payroll compensation records for the period April 1, 2005 through the date of the audit, and ii) cash disbursement records, W-2s and 1099s for the period from December 1, 2003 through the date of the audit or any records of its alter egos DARRAGH STONE and CNC.

18. The total wages and fringe benefits known by plaintiffs to be due to plaintiffs from defendants and unpaid as of this time, for work performed from December 1, 2003 through the date of the audit, as described in paragraph 16, is at least $7,440.94.

19. Defendants have failed to submit remittance reports and pay the required fringe benefit contributions to the Trusts, and the required vacation and dues check-off payments to the Mason Employees and the Union, for work performed from January 1, 2007 to the present by Mason Employees performing work under the Agreements.

20. Pursuant to the Trust Agreements and by statute (ERISA section 502(g)(2)(B)), if payments are not made, or if remittance

COMPLAINT

reports are not submitted in a timely manner, defendants are required to pay liquidated damages on the principal amount due the Trusts equal to twenty percent (20%) of the unpaid monthly contributions, plus attorney's fees, interest and plaintiffs' costs in bringing this action.

21. As a consequence of Defendants' failure to make timely payments, the Trusts have incurred extraordinary administration costs, attorney's fees, the Trusts have lost the time-value of the payments, and Defendants' employees and their dependents have not timely received welfare benefits, all to the loss of plaintiffs.

22. Plaintiffs are entitled to payment from Defendants for unpaid wages and fringe benefits during the period from December 1, 2003 to the present in an amount of at least $7,440.94, interest thereon from February 15, 2004, plaintiff's attorney's fee and costs, penalties and the greater of liquidated damages of 20% of the principal amounts or interest on all late payments, pursuant to 29 U.S.C. Section 1132(g)(2), Labor Code Sections 203 and 218.5 and for reason of Defendants' failure to pay or submit the required remittance reports.

## II
## SECOND CLAIM FOR RELIEF
### (Breach of Contract)
### (29 U.S.C. Section 185)

23. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 2 through 22, inclusive, of this complaint as though fully set forth at this point.

COMPLAINT

24. This is an action to enforce collective bargaining agreements pursuant to 29 U.S.C. Section 185. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

25. The Union and the persons on whose behalf the Union brings this action have duly performed all conditions of the agreement on their part to be performed.

26. Article XI, Section 3 of the collective bargaining agreement covering marble masons, and Article III, Section 17(E) of the collective bargaining agreement covering marble finishers state in relevant part:

> "Each monthly contribution to the Trusts shall be made promptly and is due on or before the fifteenth (15th) day of the calendar month following the month such hours are worked. If not paid in full by the fifteenth (15th) day of the month, the contribution will be delinquent and subject to liquidated damages."

27. Article XI, Section 3 of the collective bargaining agreement covering marble masons, and Article III, Section 17(E) of the collective bargaining agreement covering marble finishers further provide that should DARRAGH fail to submit reports or make the required payments by the agreed date, DARRAGH shall be liable for liquidated damages. In relevant part, the collective bargaining agreement covering marble finishers further states:

> "The Association and the Union recognize and acknowledge that the regular and prompt payment of employer contributions and the furnishing of report forms is essential to the maintenance of the Trusts, and it would be extremely difficult, if not impractical, to fix the actual expense and damage to the Trusts which would result from failure of any employer to such monthly contributions and furnish contribution forms within the time provided. Therefore, the amount of damages to the Trusts resulting from any such failure shall be presumed to be the greatest of $200 or ten percent (10%) of all contributions due for the first sixty (60) days of delinquency, and thereafter,

the charge will be the greater of $400 or twenty percent (20%) of the amount due.  Such amount shall become due and payable to the Trusts by the delinquent Employer as liquidated damages and not as a penalty and payable at the place where the contribution is payable upon the day immediately following the date on which the contribution became delinquent.

Article XI, Section 3 of the collective bargaining agreement covering marble masons contains substantially the same language as quoted above.

28. Article XI, Section 1 of the collective bargaining agreement covering marble masons, and Article III, Section 17(E) of the collective bargaining agreement covering marble finishers further state that in the event it is necessary for the Union or the Trusts to obtain legal counsel to compel production of monthly reports, to compel production of payroll records and other relevant records for audit, and for the collection of any and all wages, fringe benefit contributions and liquidated damages due and owing by the employer, the Union and the Trusts are entitled to recover, in addition to recovering payments of all amounts due and the legal rate of interest thereon, their reasonable attorney's fees and costs.

29.  Article XI, Section 4 of the collective bargaining agreement covering marble masons, and Article III, Section 17(E) of the collective bargaining agreement covering marble finishers provide that Defendants shall pay the cost of any audit of the records of Defendants which shows that Defendants have failed to pay the required fringe benefits.

30. Defendants breached the collective bargaining agreements by refusing or failing to pay fringe benefits and wages when due for the period December 1, 2003 through the present in an amount

COMPLAINT

of at least $7,440.94 and to pay liquidated damages in an amount of at least $1,488.19 and interest on late payments of fringe benefits as agreed, and by refusing to provide all records necessary to complete the audit, to the detriment of Plaintiffs. As a consequence of the above-described breach, Plaintiffs are entitled to damages in an amount equal to unpaid wages and fringe benefits for the period from December 1, 2003 through the present in an amount according to proof, liquidated damages, interest at the rate of 10% from February 15, 2004 to the date of payment, penalties, auditor's fees, attorney's fees and costs pursuant to the collective bargaining agreement, the trust agreements incorporated therein to which Defendants have agreed to be bound, and California Labor Code sections 203 and 218.5.

### III
### THIRD CLAIM FOR RELIEF
### (Injunction)

31. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 2 through 30 of this complaint as though fully set forth at this point.

32. Under the terms of the collective bargaining agreement and each of the Trust Agreements governing the Pension Trust, the Welfare Trust, the Apprentice Trust and the International Pension Trust, the plaintiffs are entitled to audit the payroll and other related records of DARRAGH and its alter egos DARRAGH STONE and CNC as necessary.

33. The audit is necessary to determine the exact number of hours worked under the collective bargaining agreement and the

exact amount of the delinquencies, liquidated damages and interest.

34. DARRAGH refused to produce all records necessary to complete the 2003-2006 Audit, specifically refusing to produce i) California DE6 Quarterly Contribution Returns, union reports and payroll compensation records for the period April 1, 2005 through the date of the audit, and ii) cash disbursement records, W-2s and 1099s for the period from December 1, 2003 through the date of the audit and the records of its alter egos DARRAGH STONE and CNC.

35. There is no adequate remedy at law for this breach. Plaintiffs are entitled to prejudgment injunctive relief ordering an audit to be paid by Defendants of the employment records of DARRAGH, DARRAGH STONE and CNC for the period from December 1, 2003 to the date of the audit and ordering each of them to produce complete records for the audit, including without limitation i) California DE6 Quarterly Contribution Returns, union reports and payroll compensation records for the period April 1, 2005 through the date of the audit, and ii) cash disbursement records, W-2s and 1099s for the period from December 1, 2003 through the date of the audit.

**IV
FOURTH CLAIM FOR RELIEF
Action on Contractor's License Bond
(California Business & Professions Code §§ 7071.11 et. seq.)
(As to Star Insurance Company)**

36. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 2 through 35, of this complaint as though fully set forth at this point.

COMPLAINT

1    37. This is an action pursuant to California Business and
2 Professions Code section 7071.11 to recover unpaid wages from
3 sureties on contractors' bonds.
4    38. Defendant, STAR INSURANCE COMPANY, (hereinafter "STAR")
5 is a corporation with offices located in San Francisco,
6 California.  STAR is engaged in the insurance and surety business
7 and issues contractor's license bonds in California.
8    39. Pursuant to California Business and Professions Code
9 section 7071.6, DARRAGH obtained a contractor's bond underwritten
10 by STAR.  The bond underwritten by STAR was designated as bond
11 number SA6003410 and in effect from July 29, 1995 through July
12 29, 2004 (hereinafter referred to as the "Star Bond").
13    40. The Star Bond indemnifies persons employed by DARRAGH
14 for the failure by DARRAGH to pay full wages due for work
15 performed during the effective period of the bond.
16    41. DARRAGH failed to pay full wages, in an amount of at
17 least $7,440.94 and to pay liquidated damages in an amount of at
18 least $1,488.19 according to proof, by not paying required
19 contributions to the Pension Trust and the Welfare Trust and the
20 required vacation, dues check-off, promotion fund, training fund
21 and other payments to the Union for work performed by persons
22 performing work under the Agreement from the period December 1,
23 2003 through the present during which period the STAR Bond was in
24 effect.  Said sum is due from defendants STAR, according to
25 proof.
26 ///
27 ///
28 ///

COMPLAINT

14

## V
## FIFTH CLAIM FOR RELIEF
### Action on Contractor's License Bond
### (California Business & Professions Code §§ 7071.11 et. seq.)
(As to Western Insurance Company)

42. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 2 through 41, of this complaint as though fully set forth at this point.

43. This is an action pursuant to California Business and Professions Code section 7071.11 to recover unpaid wages from sureties on contractors' bonds.

44. Defendant, WESTERN INSURANCE COMPANY, (hereinafter "WESTERN") is a corporation doing business in Los Angeles, California. WESTERN is engaged in the insurance and surety business and issues contractor's license bonds in California.

45. Pursuant to California Business and Professions Code section 7071.6, DARRAGH obtained a contractor's bond underwritten by STAR. The bond underwritten by WESTERN was designated as bond number 14620337 and in effect from July 29, 2004 through the present (hereinafter referred to as the "Western Bond").

46. The Western Bond indemnifies persons employed by DARRAGH for the failure by DARRAGH to pay full wages due for work performed during the effective period of the bond.

47. DARRAGH failed to pay full wages, in an amount of at least $7,440.94 and to pay liquidated damages in an amount of at least $1,488.19 according to proof, by not paying required contributions to the Pension Trust and the Welfare Trust and the required vacation, dues check-off, promotion fund, training fund and other payments to the Union for work performed by persons performing work under the Agreement from the period December 1,

2003 through the present during which period the WESTERN BOND was in effect. Said sum is due from defendant WESTERN, according to proof.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

**I. On the First Claim for Relief:**

For judgment against defendant Darragh Corporation, CNC Contractors, Inc., Darragh Dimensional Stone and John Darragh Bevan, jointly and severally, as follows:

    (a) unpaid wages and fringe benefits for the period from December 1, 2003 to the present in a principal amount of at least $7,440.94 according to proof, plus interest thereon at the rate of 10% calculated from the original due dates commencing February 15, 2004 until paid;

    (b) plus plaintiffs' attorney's fees and costs;

    (c) plus liquidated damages calculated at 20% of the principal amount in the amount of at least $1,488.19 or interest for late payments from December 1, 2003 through the present in the amount according to proof, pursuant to the agreement between plaintiffs and defendants, 29 U.S.C. Section 1132(g)(2), Labor Code Section 218.5 and any other statute so providing.

**II. On the Second Claim for Relief:**

1. For judgment against defendant Darragh Corporation, CNC Contractors, Inc., Darragh Dimensional Stone and John Darragh Bevan, jointly and severally, as follows:

    (a) unpaid wages and fringe benefits for the period

1  from December 1, 2003 to the present in a principal amount
2  of at least $7,440.94 according to proof, plus interest
3  thereon at the rate of 10% calculated from the original due
4  dates commencing February 15, 2004, until paid;
5  (b) plus plaintiffs' attorney's fees and costs;
6  (c) plus liquidated damages calculated at 20% of the
7  principal amount in the amount of at least $1,488.19 or
8  interest for late payments from February 15, 2004 through
9  the present in an amount according to proof, pursuant to the
10 agreement between plaintiffs and defendants, 29 U.S.C.
11 Section 1132(g)(2), Labor Code Section 218.5 and any other
12 statute so providing.
13 2. For penalties against defendants, and each of them,
14 pursuant to California Labor Code Section 203.

**III. On the Third Claim for Relief:**

For a Preliminary Injunction ordering Darragh Corporation, CNC Contractors, Inc., and Darragh Dimensional Stone to submit to an audit, the cost of which is to be paid by Darragh Corporation, CNC Contractors, Inc., and Darragh Dimensional Stone upon issuance of the order granting the Preliminary Injunction, for the period of December 1, 2003 to the date of the audit, as required by the terms of the collective bargaining agreement and the Trust Agreements, and ordering Darragh Corporation, CNC Contractors, Inc., and Darragh Dimensional Stone to produce complete records for the audit, including without limitation: i) California DE6 Quarterly Contribution Returns, union reports and payroll compensation records for the period April 1, 2005 through the date of the audit, and ii) cash disbursement records, W-2s

1  and 1099s for the period from December 1, 2003 through the date
2  of the audit.
3  **IV. On the Fourth Claim for Relief;**
4  For judgment against defendant Star Insurance Company as
5  follows:
6  (a) unpaid wages and fringe benefits for the period
7  from December 1, 2003 to July 29, 2004 in a principal amount
8  of at least $7,440.94 according to proof, plus interest
9  thereon at the rate of 10% calculated from the original due
10 dates until paid; plus,
11 (b) plaintiffs' costs, pursuant to California Civil
12 Code section 3287 and any other statute so providing, all
13 according to proof.
14 **V. On the Fifth Claim for Relief;**
15 For judgment against defendant Western Surety Company as
16 follows:
17 (a) unpaid wages and fringe benefits for the period
18 from July 29, 2004 to the present in a principal amount of
19 at least $7,440.94 according to proof, plus interest thereon
20 at the rate of 10% calculated from the original due dates
21 until paid; plus,
22 (b) plaintiffs' costs, pursuant to California Civil
23 Code section 3287 and any other statute so providing, all
24 according to proof.
25 ///
26 ///
27 ///
28 ///

COMPLAINT

**VI. On Each and Every Claim for Relief:**

For such other relief as the Court deems proper.

Plaintiffs hereby request a jury trial pursuant to FRCivP 38(b).

Dated: July 3, 2007                    KATZENBACH & KHTIKIAN

_____
Kimberly Hancock
Attorneys for Plaintiffs