Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN, AFL-CIO, LOCAL UNION NO. 3, on behalf of itself and as agent for its members; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>DARRAGH CORPORATION, a Texas corporation; CNC CONTRACTORS, INC., dba SUNBELT CNC CONTRACTORS, a Texas corporation; DARRAGH DIMENSIONAL STONE, a California corporation; JOHN DARRAGH BEVAN; WESTERN SURETY COMPANY, a South Dakota corporation; STAR INSURANCE COMPANY, a Michigan corporation;<br><br>Defendants. | CASE NO. C 07-3511 EDL<br><br>PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT<br><br>Date: October 9, 2007<br>Time: 10:00 a.m.<br>Dept: Courtroom E<br>15th Floor<br>US District Court<br>450 Golden Gate Ave.<br>San Francisco, CA<br>Judge: The Honorable Elizabeth D. Laporte |

Pursuant to this Court's Civil Local Rules 16-2 and 16-9, Plaintiffs submit this separate Case Management Statement And Proposed Order.

On August 21, 2007, counsel for defendants, Raphael L.

Rosingana, made a special appearance only for the purpose of stipulating to an extension of time for defendants to respond to Plaintiffs' Complaint. On September 13, 2007, Mr. Rosingana's secretary informed Plaintiffs' counsel that Mr. Rosingana had been hospitalized and that she did not know the extent of his stay. Plaintiffs' counsel is informed that Mr. Rosingana is still hospitalized. Plaintiffs' counsel has made reasonable attempts to discuss this matter with Mr. Rosingana or another attorney from his office but neither Mr. Rosingana nor any other attorney from his office has returned her phone calls or emails to discuss this matter.

**A. JURISDICTION AND SERVICE.**

This is an action to collect unpaid contributions to multi employer benefit plans pursuant to the terms of each plan, its respective trust agreement and a collective bargaining agreement. Jurisdiction of this action is conferred on this Court by the provision of the Employee Retirement Income Security Act of 1074, 29 U.S.C. Sections 1132(a), (e), and (f) and 1145. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

All defendants have been served, except defendants DARRAGH CORPORATION and CNC CONTRACTORS. Raphael Rosingana, counsel for DARRAGH CORPORATION and CNC CONTRACTORS, indicated that he would waive service of summons and complaint for these defendants. Accordingly, on September 6, 2007, Plaintiffs mailed to attorney Raphael Rosingana the necessary documents for Mr. Rosingana to waive service, including the Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons for

each defendant. The Waiver(s) of Service of Summons have not yet been returned to Plaintiffs.

**B. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

Defendant DARRAGH CORPORATION (hereinafter, "Darragh") executed a signature page pursuant to which Darragh agreed to abide by and to be bound by collective bargaining agreement by and between the Marble Dealers of Northern California and Plaintiff BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 3, AFL-CIO (hereinafter "Bricklayers Local Union No. 3"). The signature page(s) executed by Darragh additionally provides that any signatory agrees to be bound to amendments or modifications to the Agreement and to subsequent agreements entered into between the Union and the Marble Dealers of Northern California.

Plaintiffs contend that there existed a unity of interest and ownership between Darragh, defendant DARRAGH DIMENSIONAL STONE (hereinafter "Darragh Stone"), and defendant CNC CONTRACTORS, INC. dba SUNBELT CNC CONTRACTORS (hereinafter "CNC") such that any individuality and separateness between Darragh, Darragh Stone and CNC have ceased and Darragh Stone and CNC are the alter egos of Darragh.

Plaintiffs also contend that there existed a unity of interest and ownership between defendant JOHN DARRAGH BEVAN ("Bevan") and Darragh, Bevan and Darragh Stone and Bevan and CNC such that any individuality and separateness between Bevan, Darragh, Darragh Stone and CNC have ceased and Darragh, Darragh Stone and CNC are the alter egos of Bevan.

Pursuant to the terms of the Agreement, Darragh agreed to pay certain wages and fringe benefits for all hours worked in the

46 Northern California Counties within the Union's geographic jurisdiction by persons employed by Darragh as marble finishers, marble shopworkers and marble masons. Darragh further agreed to allow Plaintiffs to review and audit Darragh's payroll and other relevant records for the purposes of ascertaining whether certain wages and fringe benefits have all been paid as required by the collective bargaining agreement. The collective bargaining agreement further provides that if a signatory employer fails to allow a payroll audit, the employer shall become liable for all costs incurred by the Trusts in securing the audit, including attorneys' fees.

Plaintiffs have audited Darragh's records for the period from December 1, 2003 through December 31, 2006 (hereinafter the "Audit"). The Audit disclosed that Darragh failed to report and pay at least $7,440.94 in wages and fringe benefits. Darragh refused to produce all records necessary to complete the Audit, specifically refusing to produce i) California DE6 Quarterly Contribution Returns, union reports and payroll compensation records for the period April 1, 2005 through the date of the audit, and ii) cash disbursement records, W-2s and 1099s for the period from December 1, 2003 through the date of the audit or any records of its alter egos Darragh Stone and CNC.

Defendant Darragh has also failed to submit remittance reports and pay the required fringe benefit contributions to the Trusts, and the required vacation and dues check-off payments to the employees and the Union, for work performed from January 1, 2007 to the present.

Plaintiffs allege that Darragh obtained a contractor's

license bond underwritten by defendant STAR INSURANCE COMPANY pursuant to California Business and Professions Code section 7071.6 (hereinafter "Star Bond"). This bond indemnifies persons employed by Darragh for Darragh's failure to pay full wages due. The Star Bond was in effect from July 29, 1995 through July 29, 2004.

Plaintiffs allege that Darragh obtained a contractor's license bond underwritten by defendant WESTERN INSURANCE COMPANY pursuant to California Business and Professions Code section 7071.6 (hereinafter "Western Bond"). This bond indemnifies persons employed by Darragh for Darragh's failure to pay full wages due. The Western Bond was in effect from July 29,2004 through the present.

**C. PROCEDURAL HISTORY**

On July 5, 2007, Plaintiffs filed the Complaint.

In order to facilitate possible early settlement between the parties, Plaintiffs extended defendants' time within which to respond to the Complaint until September 28, 2007.

Defendants have not yet filed an answer to the Complaint.

**1. The principal factual issues that the parties dispute are:**

a. What is the total number of hours which Darragh employed persons, who performed work covered under the collective bargaining agreement with the Union, from approximately December 1, 2003 through the present?

d. What is the total number of hours worked by the persons described in subparagraph 1(a) and the total amount owed to plaintiff trust funds for hours worked in the jurisdiction of

the collective bargaining agreement from approximately December 1, 2003 through the present?

This is intended by the parties to provide only a summary of the principal contested factual issues. Additional contested factual issues may exist and such issues are not waived by plaintiffs.

**2. The principal legal issues that the parties dispute are:**

None.

**D. ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff is agreeable to mediation.

**The parties make the following additional suggestions concerning settlement:**

On September 13, 2007, Plaintiffs forwarded a settlement offer to defendants. Defendants have not responded to the settlement offer.

**The Court hereby orders:**

**E. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Plaintiffs consent to trial presided by a Magistrate Judge.

**The Court hereby refers this case for the following purposes to a magistrate judge:**

**F. DISCLOSURES**

**The parties certify that they have made the following disclosures:**

**1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

**a. Disclosed by Plaintiffs:**

Mary Ann Montoya, Allied Administrators

Polly Baney, Allied Administrators

Gary Piefer, Bricklayers Local No. 3 Union

Troy Garland, Bricklayers Local No. 3 Union

Benay Widlund, Auditor

Darragh Corporation Officers:

John Darragh Bevan

David John Hill

Norma Constance Bevan

Colleen Nargussi

**2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through informal discovery**:

**a. Categories of documents disclosed by Plaintiffs:**

1. Collective Bargaining Agreements;

2. Plaintiffs' trust agreements;

3. Signature Pages of Darragh Corporation to collective bargaining agreements;

4. Plaintiffs' trust fund records of defendant's reports and payments to the plaintiffs' trust funds;

5. The partially completed audit of Darragh Corporation for the period December 1, 2003 through December 31, 2006;

6. Correspondence to Plaintiffs from the auditor, Benay Widlund, regarding the December 1, 2003 through December 31, 2006 audit of defendant Darragh Corporation; and

7. Correspondence between plaintiffs and defendant Darragh Corporation.

**3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the**

**damages or of the offset:**

Plaintiffs are entitled to the principal amount due for unpaid wages and fringe benefits for the period from December 1, 2003 through December 31, 2006 as determined by audit and for unpaid wages and fringe benefits for the period from January 1, 2007 through the present. Plaintiffs are also entitled to liquidated damages for delinquent payments, interest, auditor fees, attorneys' fees and other costs of collection. The amount due on the audit is at least $7,440.94, the amount of liquidated damages due is at least $1,488.19 (calculated at 20% of principal due) and the amount due for auditor's fees is at least $935.00 The total amounts due will be determined at trial.

**4. All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

None disclosed.

**5. The parties will disclose the following additional information by the date listed:**

Not required at this time.

**6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

Every 30 days commencing November 1, 2007 if supplemental information is discovered.

**G. EARLY FILING OF MOTIONS**

**The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

Summary judgment motions may be heard by June 27, 2008.

**H. DISCOVERY**

**1. Parties have conducted or have underway the following discovery:**

Plaintiffs have provided defendants with a copy of the preliminary audit results. Neither party has yet propounded any formal discovery. Plaintiffs expect that formal discovery will commence within 30 days of the date of this case management conference.

**2. Plaintiffs propose the following discovery plan:**

All document requests, interrogatories and requests for admissions to be served and responded to by no later than April 4, 2008.

The parties to disclose expert witnesses, if any (their identities, resumes, final reports and other matters required pursuant to the Federal Rules of Civil Procedure) by no later than March 7, 2008.

All expert and non-expert depositions to be completed by no later than by April 4, 2008.

**3. Limitations on discovery tools in accordance with this Court's Supplemental Order to Order Setting Case Management Conference.**

**a. depositions (excluding experts) by:**

**plaintiffs:** no limit **defendant:** no limit

**b. interrogatories served by:**

**plaintiffs:** 25 on each defendant

**defendant:** 25 on each plaintiff

**c. document production requests served by:**

**plaintiffs:** no limit **defendant:** no limit

**d. requests for admission served by:**

**plaintiffs:** no limit **defendant:** no limit

**4. Plaintiffs propose the following limitations on the subject matter of discovery:**

All matters relevant to or calculated to lead to the discovery of evidence relevant to the issues raised by the complaint and defendants' answers to the complaint.

**5. Discovery from experts. Plaintiffs plan to offer expert testimony as to the following subject matters:**

None planned at this time.

**6. The Court orders the following additional limitations on the subject matter of discovery:**

**7. Deadlines for disclosure of witnesses and completion of discovery:**

See paragraph H(2) above.

**I. PRETRIAL AND TRIAL SCHEDULE**

**1. Trial date:** July 14, 2008

**2. Anticipated length of trial (number of days):** 1 to 2.

**3. Type of trial:** Court.

**4. Final pretrial conference date:**

**5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

**6. Date for filing objections under Civ.L.R. 16-10(b)(11)**

**(objections to exhibits or testimony):**

**7. Deadline to hear motions directed to the merits of all or part of the case:** Jun 27, 2008.

**I. Date of next case management conference:**

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

/S/Kimberly A. Hancock Date: October 2, 2007

Kimberly A. Hancock, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
(415) 834-1778; FAX (415) 834-1842
Attorneys for Plaintiffs

The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to the conference. The Court adopts this statement as modified and enters it as the order of this court pursuant to Civ.L.R. 16-8(b).

IT IS SO ORDERED

Dated:________________________ ______________________________

Hon. Elizabeth Laporte

**PROOF OF SERVICE BY MAIL**

I am a resident of the County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is Katzenbach & Khtikian, 1714 Stockton Street, Suite 300, San Francisco, California 94133. On October 2, 2007, I served a true copy of the foregoing document described as:

**PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT**

by placing a true copy thereof enclosed in a sealed envelope with first class mail postage thereon fully prepaid in the United States Mail at San Francisco, California, addressed as follows:

Raphael Louis Rosingana
John Garcia
Rosingana & Associates
P.O. Box 1365
Loomis, California 95650

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 2, 2007 in San Francisco, California.

/s/Kimberly Hancock
Kimberly Hancock