RAPHAEL L. ROSINGANA (SBN 05447)
P.O. Box 1365
Loomis, CA 95650-1365
Physical Address:
3119 Penryn Road, Suite 220
Penryn, CA 95663
Tel. (916) 652-4357
Fax (916) 652-6370
e-mail: rlr@vfr.net

Attorneys for Defendants, DARRAGH CORPORATION, DARRAGH DIMENSIONAL STONE and JOHN DARRAGH BEVAN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS 3 PENSION TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DARRAGH CORPORATION, et al., <br><br> Defendants. | CASE NO.: C 07-3511 <br><br> ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS DARRAGH CORPORATION, DARRAGH DIMENSIONAL STONE and JOHN DARRAGH BEVIN |

COMES NOW, Defendants, DARRAGH CORPORATION, DARRAGH DIMENSIONAL STONE and JOHN DARRAGH BEVIN through their attorney, Raphael L. Rosingana, and in answer to the Complaint on file against them and each of them, by the

---
ANSWER & AFFIRMATIVE DEFENSES
1

TRUSTEES OF THE BRICKLAYERS LOCAL 3 PENSION TRUST, TRUSTEES OF THE BRICKLAYERS LOCAL NO 3 HEALTH AND WELFARE TRUST, TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST, INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTSMEN, AFL-CIO, LOCAL UNION NO. 3, on behalf of itself and as agent for its members, TRUSTEES OF THE INTERNATIONAL BRICKLAYERS UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND for Breach of Collective Bargaining Agreement, Recovery of Delinquent Wage & Fringe Benefit Contributions, injunctive relief and bond, admit, deny and affirmatively allege as follows:

1. These Answering Defendants admit the allegations contained in Paragraphs 1 and 2 of the Complaint on file herein against them and each of them.

2. These Answering Defendants are without sufficient information with which to answer the allegations contained in Paragraphs 3 and 4 of the Complaint and therefore deny them, each and every, all and singular.

3. These Answering Defendants admit that there was a collective bargaining agreement with DARRAGH CORPORATOPM as alleged in Paragraph 5 of the Complaint and further admit those employee who worked for DARRAGH CORPORATION were Mason Employees as described in the Complaint and were members of the Union.

4. Defendant DARRAGH CORPORATION admits the allegations contained in Paragraph 6 of the Complaint.

5. Defendant, DARRAGH DIMENSIONAL STONE admits the allegations contained in Paragraph 7 of the Complaint.

6. Defendant, CNC CONTRACTORS, INC. dba SUNBELT CNC CONTRACTORS denies the allegations contained in Paragraph 8 of the Complaint.

///

ANSWER & AFFIRMATIVE DEFENSES
2

7. These Answering Defendants and each of them deny the allegations contained in Paragraph 9 of the Complaint, each and every, all and singular (herein "DENY") including with respect to the allegations that these corporations and each of them were owned by Defendant, JOHN DARRAGH BEVAN.

8. These Answering Defendants DENY the allegations contained in Paragraph 10 of the Complaint.

9. These Answering Defendants DENY the allegations contained in Paragraphs 11 and 12 of the Complaint, each and every, all and singular.

10. These Answering Defendants admit the allegations contained in Paragraph 13 of the Complaint to the extent that there was a collective bargaining agreement between the Defendants DARRAGH CORPORATION and the Plaintiffs. With respect to all other allegations contained therein these Answering Defendants DENY each and every said allegation.

11. These Answering Defendants DENY the allegations contained in Paragraphs 14 and 15 of the Complaint, except as to DARRAGH CORPORATION, all of which records have been produced to Plaintiff and all of which contributions have been paid to Plaintiff.

12. These Answering Defendants are without sufficient information with which to answer the allegations contained in Paragraph 16 of the Complaint and therefore, deny them, each and every, all and singular.

13. These Answering Defendants DENY the allegations contained in Paragraph 17, as to DARRAGH CORPORATION, all of which records have been produced to Plaintiff and all of which contributions have been paid to Plaintiff. Records of the other corporate Defendants and/or JOHN DARRAGH BEVAN un-related to the collective bargaining agreement, which the Plaintiffs demanded have been destroyed at no fault of these Answering Defendants and are therefore unavailable to produce.

14. These Answering Defendants DENY the allegations contained in Paragraph 18, each and every, all and singular, and affirmatively allege that any amount which may be due and owing has been paid.

15. These Answering Defendant DENY the allegations contained in Paragraph 19 of the Complaint, each and every, all and singular, and affirmatively allege that any amount which may be due and owing has been paid..

16. These Answering Defendants admit that the collective bargaining agreement provides for liquidated damages as alleged in Paragraph 20 of the Complaint.

17. These Answering Defendants DENY the allegations contained in Paragraph 21 and 22 of the Complaint, each and every, all and singular.

18. The Answering Defendants reallege and incorporate herein by reference each and every response set forth in paraphs 1 through 17, inclusive, of this answer as though fully set forth at length herein.

19. These Answering Defendants are without sufficient information with which to answer the allegations contained in Paragraphs 24 and 25 of the Complaint and therefore, deny them, each and every, all and singular.

20. These Answering Defendants admit the allegations contained in Paragraphs 26 through 29, inclusive, of the Complaint in that the collective bargaining agreement is accurately described therein.

21. These Answering Defendants DENY the allegations contained in Paragraph 30 of the Complaint, each and every, all and singular.

22. The Answering Defendants reallege and incorporate herein by reference each and every response set forth in paraphs 1 through 21, inclusive, of this answer as though fully set forth at length herein.

/ / /

ANSWER & AFFIRMATIVE DEFENSES
4

23. These Answering Defendants DENY the allegations contained in Paragraph 32 of the Complaint.

24. These Answering Defendants DENY the allegations contained in Paragraph 33 of the Complaint and alleged that all records and payments have been paid to Plaintiff.

25. These Answering Defendants DENY the allegations contained in Paragraphs 34 and 35 of the Complaint.

26. These Answering Defendants make no response to the allegations contained in Paragraphs 36 through 41, inclusive, as they do not apply to these Answering Defendants.

27. These Answering Defendants make no response to the allegations contained in Paragraphs 42 through 47, inclusive, as they do not apply to these Answering Defendants; and, these Answering Defendants' believe that any potential amounts owed by these the defendant name therein has been tendered to the Plaintiff..

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### [FAILURE TO STATE A CAUSE OF ACTION]

28. As a first and separate affirmative defense to the allegations in the Complaint on file herein, these Answering Defendants allege that the Plaintiffs fail to state a cause of action against them or any of them.

### SECOND AFFIRMATIVE DEFENSE

### [EQUITABLE ESTOPPEL]

29. As a second and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that the Plaintiffs are equitably estopped from the relief sought by virtue of the acts, omissions and conduct of the Plaintiffs and/or their agents.

## THIRD AFFIRMATIVE DEFENSE

## [UNCLEAN HANDS]

30. As a third and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that the Plaintiffs are barred or estopped from any recovery as a result of the said Plaintiffs' own improper conduct under the doctrines of unclean hands and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

## [THIRD PARTY LIABILITY]

31. As a fourth and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that the damages, if any, sustained by Plaintiffs, if any, were proximately caused by the acts, omissions, negligence, fraud and/or breach of obligations by persons other than the Defendants and that the said acts, omissions, or negligence by the said third party or parties were beyond the supervision and control of the Defendants and as a direct and proximate result thereof, any recovery by the Plaintiffs is barred and/or diminished as against these Defendants.

## FIFTH AFFIRMATIVE DEFENSE

## [CONSENT]

32. As a fifth and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that the Plaintiffs and each of them consented to the reports being filed and approved those reports in all respects throughout the term when the Plaintiffs and each of them were undertaking the filing of reports for the Plaintiffs and each of them and as a direct and proximate result of that consent, the Plaintiffs may recover nothing by their Complaint on file herein.

/ / /

/ / /

ANSWER & AFFIRMATIVE DEFENSES
6

## SIXTH AFFIRMATIVE DEFENSE
## [STATUTE OF LIMITATIONS]

33. As a Sixth and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that Plaintiffs' causes of action are barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure Sections 338, 339 and 340 as they may apply through federal law in cases arising in the State of California.

## SEVENTH AFFIRMATIVE DEFENSE
## [LACHES]

34. As a seventh and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that the said complaint is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
## [WAIVER]

35. As a eighth and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that Plaintiffs knowingly and intentionally by verbal expressions or conduct waived any and all rights which the Plaintiffs may have otherwise had against these Answering Defendants.

## NINTH AFFIRMATIVE DEFENSE
## [FAILURE OF JOINDER OF NECESSARY PARTIES]

36. As a ninth and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that the Plaintiffs failed to join as defendants all necessary persons who were required to be joined for a full, complete and just adjudication of the purported causes of action asserted in Complaint and as a direct and proximate result thereof, Plaintiffs are foreclosed from recovery on the Complaint as against these Answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

### [GOOD FAITH]

37. As an tenth and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that they acted in good faith at all material times herein based upon all of the relevant facts and circumstances known by the Defendants and each of them at the time of the occurrence of the events set forth in the Complaint and as a direct and proximate result thereof, the Plaintiffs are barred from any recovery against these Answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### [SECTION 1431.2(a) CALIFORNIA CIVIL CODE]

38. As an eleventh and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that the liability of these Answering Defendants, if any, for non-economic loss must be prorated according to the provisions of Section 1431.2(a) of the California Civil Code as it may apply to federal cases which arise in the State of California.

## TWELFTH AFFIRMATIVE DEFENSE

### [ASSUMPTION OF THE RISK]

39. As a twelfth and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that at the time and place referred to in the Complaint, and before such event, the Plaintiffs and each of them knew, appreciated and understood each and every risk involved in placing themselves in the position that the said Plaintiffs allege in the Complaint and therefore, the Plaintiffs and each of them willingly, knowingly and voluntarily assumed each and every risk thus involved and as a direct and proximate result thereof, these answering Defendants are not liable any damages which may have resulted.

## THIRTEENTH AFFIRMATIVE DEFENSE
### [EXCUSE]

40. As a thirteenth and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that any action by these Answering Defendants was legally excused and as a direct and proximate result thereof, the Plaintiffs may take nothing by the Complaint on file herein.

## FOURTEENTH AFFIRMATIVE DEFENSE
### [RELEASE]

41. As an fourteenth and separate affirmative defense to the allegations in Plaintiffs' Complaint on file herein, these Answering Defendants allege that the Plaintiffs and each of them knowingly and voluntarily agreed to relieve and release these Answering Defendants from any liability for the conduct which is alleged to have occurred in the Complaint on file herein and as a direct and proximate result of the said release, the Plaintiffs may recover nothing by their Complaint herein.

**WHEREFORE**, these Answering Defendants pray for judgment as follows:

1. The Plaintiff's requests be denied;
2. That judgment be entered in favor of these answering Defendants and against Plaintiffs;
3. That Defendants have judgment for reasonable attorneys fees and costs of suit incurred herein;
4. For such other and further relief as the Court may deem just and proper.

/ / /
/ / /
/ / /

DATED: December 03, 2007

                RAPHAEL L. ROSINGANA

                _____
                Attorneys for Defendants,
                DARRAGH CORPORATION,
                DARRAGH DIMENSIONAL STONE
                and JOHN DARRAGH BEVIN

PROOF OF SERVICE

STATE OF CALIFORNIA )
                    } ss.
COUNTY OF PLACER    )

I am employed in the County of Placer, State of California. I am over the age of 18 and not a party to the within action, my business address is Post Office Box 1365, Loomis, CA 95650; [the physical address of Law Firm is: 3119 Penryn Road, Penryn, CA 95663; however, no local U. S. Mail delivery service is provided for the Town of Penryn, CA by the U. S. Postal Service and mail addressed to the physical address of this Law Firm is usually returned to the sender and/or lost, misplaced, misfiled or destroyed by the USPO - no service of process by Mail is valid if it is not addressed to the Post Office Box number referenced above].

On December 03, 2007, I caused to be served the foregoing document described as "ANSWER OF DEFENDANTS, DARRAGH CORPORATION, DARRAGH DIMENSIONAL STONE and JOHN DARRAGH BEVIN" by placing the true copies thereof enclosed in sealed addressed as stated on the attached mailing list, by placing ___ the original _X_ a true copy thereof enclosed in sealed envelopes addressed as follows:

Kent Khtikian, Esq.
Kimberly A. Hancock, Esq.
Katzenbach & Khtikian
1714 Stockton Street, Suite 300
San Francisco, CA 94133-2930

X    BY MAIL As follows: I deposited such envelopes in the mail at, Loomis, California. The envelopes were mailed with postage thereon fully prepaid.

     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 03, 2007, at Penryn, California.

_____
Raphael L. Rosingana

---

ANSWER & AFFIRMATIVE DEFENSES
11