Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN, AFL-CIO, LOCAL UNION NO. 3, on behalf of itself and as agent for its members; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND,<br><br>         Plaintiffs,<br><br>vs.<br><br>DARRAGH CORPORATION, a Texas corporation; CNC CONTRACTORS, INC., dba SUNBELT CNC CONTRACTORS, a Texas corporation; DARRAGH DIMENSIONAL STONE, a California corporation; JOHN DARRAGH BEVAN; WESTERN SURETY COMPANY, a South Dakota corporation; STAR INSURANCE COMPANY, a Michigan corporation;<br><br>         Defendants. | CASE NO.  C 07-3511 EDL<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: February 5, 2008<br>Time: 10:00 a.m.<br>Dept: Courtroom E<br>      15th Floor<br>      US District Court<br>      450 Golden Gate Ave.<br>      San Francisco, CA<br>Judge: The Honorable<br>       Elizabeth D. Laporte |

Pursuant to this Court's Civil Local Rules 16-2 and 16-9, the parties submit this joint Case Management Statement And Proposed Order.

**A.   JURISDICTION AND SERVICE.**

    This is an action to collect unpaid contributions to multi employer benefit plans pursuant to the terms of each plan, its respective trust agreement and a collective bargaining agreement. Jurisdiction of this action is conferred on this Court by the provision of the Employee Retirement Income Security Act of 1074, 29 U.S.C. Sections 1132(a), (e), and (f) and 1145. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

    All defendants have been served, except defendant CNC CONTRACTORS. On November 21, 2007, Plaintiffs dismissed CNC CONTRACTORS from this action.

**B.   STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

    On or about November 18, 2003, Defendant DARRAGH CORPORATION (hereinafter, "Darragh") executed a signature page pursuant to which Darragh agreed to abide by and to be bound by collective bargaining agreement by and between the Marble Dealers of Northern California and Plaintiff BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 3, AFL-CIO (hereinafter "Bricklayers Local Union No. 3"). The signature page(s) executed by Darragh additionally provides that any signatory agrees to be bound to amendments or modifications to the Agreement and to subsequent agreements entered into between the Union and the Marble Dealers of Northern California.

    Plaintiffs contend that there existed a unity of interest and ownership between Darragh and defendant DARRAGH DIMENSIONAL STONE (hereinafter "Darragh Stone") such that any individuality

and separateness between Darragh and Darragh Stone have ceased and Darragh Stone is the alter ego of Darragh.  Darragh and the other named Defendants vigorously deny these allegations.

Plaintiffs also contend that there existed a unity of interest and ownership between defendant JOHN DARRAGH BEVAN ("Bevan") and Darragh and Bevan and Darragh Stone such that any individuality and separateness between Bevan, Darragh and Darragh Stone have ceased and Darragh and Darragh Stone are the alter egos of Bevan. Darragh and the other named Defendants vigorously deny these allegation.

Pursuant to the terms of the Agreement, Darragh agreed to pay certain wages and fringe benefits for all hours worked in the 46 Northern California Counties within the Union's geographic jurisdiction by persons employed by Darragh as marble finishers, marble shopworkers and marble masons.  Darragh further agreed to allow Plaintiffs to review and audit Darragh's payroll and other relevant records for the purposes of ascertaining whether certain wages and fringe benefits have all been paid as required by the collective bargaining agreement. The collective bargaining agreement further provides that if a signatory employer fails to allow a payroll audit, the employer shall become liable for all costs incurred by the Trusts in securing the audit, including attorneys' fees.  Darragh vigorously denies these allegation.

Plaintiffs have audited Darragh's records for the period from December 1, 2003 through December 31, 2006 (hereinafter the "Audit").  The Audit disclosed that Darragh failed to report and pay at least $7,440.94 in wages and fringe benefits.  Darragh refused to produce all records necessary to complete the Audit,

1  specifically refusing to produce i) California DE6 Quarterly
2  Contribution Returns, union reports and payroll compensation
3  records for the period April 1, 2005 through the date of the
4  audit, and ii) cash disbursement records, W-2s and 1099s for the
5  period from December 1, 2003 through the date of the audit or any
6  records of its alter egos Darragh Stone and CNC.
7       Defendants contend that all required paperwork had been
8  submitted to the Union and that all payment required to be paid,
9  were in fact paid; and, that the dates of the alleged failure to
10 produce documents were for a period of time when Darragh ceased
11 operation as a corporation, had no employees, had no payroll, and
12 had no fringe benefits or dues check off payments to make; and,
13 Darragh Corporation has no W-2's or 1009s to produce then or now.
14      Defendant Darragh has also failed to submit remittance
15 reports and pay the required fringe benefit contributions to the
16 Trusts, and the required vacation and dues check-off payments to
17 the employees and the Union, for work performed from January 1,
18 2007 to the present.
19      Plaintiffs allege that Darragh obtained a contractor's
20 license bond underwritten by defendant STAR INSURANCE COMPANY
21 pursuant to California Business and Professions Code section
22 7071.6 (hereinafter "Star Bond").  This bond indemnifies persons
23 employed by Darragh for Darragh's failure to pay full wages due.
24 The Star Bond was in effect from July 29, 1995 through July 29,
25 2004.  The total liability payable under the bond is $4,000.00.
26      Plaintiffs allege that Darragh obtained a contractor's
27 license bond underwritten by defendant WESTERN INSURANCE COMPANY
28

pursuant to California Business and Professions Code section 7071.6 (hereinafter "Western Bond").  This bond indemnifies persons employed by Darragh for Darragh's failure to pay full wages due.  The Western Bond was in effect from July 29,2004 through the present.  The total liability payable under the bond is $4,000.00.

**C.    PROCEDURAL HISTORY**

On July 5, 2007, Plaintiffs filed the Complaint.

On November 21, 2007, Plaintiff voluntarily dismissed defendant CNC Contractors.

On December 11, 2007, the Clerk entered default against defendant Star Insurance Company.  Since the entry of default, defendant Star Insurance Company contacted Plaintiff's counsel and requested a set aside of the default.  Plaintiffs and defendant Star Insurance Company have come to agreement to set aside the default and will be filing a stipulation to set aside the default by no later than February 11, 2008.

On December 13, 2007, defendants Darragh Corporation, Darragh Dimensional Stone and John Darragh Bevan filed their Answer to the Complaint.

On December 19, 2007, Plaintiffs voluntarily dismissed defendant Western Surety Company pursuant to settlement.  Western Surety Company paid the limits of the bond in the amount of $4,000.00.

**1. The principal factual issues that the parties dispute are:**

a.   What is the total number of hours which Darragh employed

1 persons, who performed work covered under the collective
2 bargaining agreement with the Union, from approximately December
3 1, 2003 through the present?
4     b. What is the total number of hours worked by the persons
5 described in subparagraph 1(a) and the total amount owed to
6 plaintiff trust funds for hours worked in the jurisdiction of the
7 collective bargaining agreement from approximately December 1,
8 2003 through the present?
9     c.  Did Darragh comply with its obligations under the
10 collective bargaining agreement by reporting and paying all
11 amounts due?
12     d.  Is there an alter ego relationship between John Darragh
13 Bevan, Darragh Corporation and Darragh Dimensional Stone?
14     This is intended by the parties to provide only a summary of
15 the principal contested factual issues.  Additional contested
16 factual issues may exist and such issues are not waived by
17 plaintiffs.
18     **2. The principal legal issues that the parties dispute are**:
19     Defendants assert the following legal issues:
20     a.  The extent and limitations of personal guaranties under
21 California law, and their application as a complete defense to
22 the claims of the Union.
23     b. Whether or not full settlement, release, accord and/or
24 satisfaction has occurred between any of the defendants and Union
25 officials.
26 **D. ALTERNATIVE DISPUTE RESOLUTION**
27     Plaintiffs are agreeable to mediation.
28

1   **The parties make the following additional suggestions**
2   **concerning settlement:**
3   Defendants offered to settle by paying the amount due on the
4   audit even though defendants contend that this amount had already
5   been paid. Plaintiffs rejected this offer.
6   On September 13, 2007, Plaintiffs forwarded a settlement
7   counteroffer to defendants.
8   Defendants have rejected this offer contending that it
9   contained terms that were uncalled for and impossible to perform.
10  **The Court hereby orders:**
11  **E. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**
12  Plaintiffs consent to trial presided by a Magistrate Judge.
13  **The Court hereby refers this case for the following purposes**
14  **to a magistrate judge:**
15  **F. DISCLOSURES**
16  **The parties certify that they have made the following**
17  **disclosures:**
18  **1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**
19  **a. Disclosed by Plaintiffs:**
20  Mary Ann Montoya, Allied Administrators
21  Polly Baney, Allied Administrators
22
23  Gary Piefer, Bricklayers Local No. 3 Union
24  Troy Garland, Bricklayers Local No. 3 Union
25
26  Benay Widlund, Auditor
27  Darragh Corporation Officers:
28

1 | John Darragh Bevan
2 | David John Hill
3 | Norma Constance Bevan
4 | Colleen Nargussi

**b.   Disclosed by Defendants:**

None. Defendant contends there are certain Union officials who will be added as witnesses once their name and identity has been discovered.

**2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through informal discovery:**

    **a. Categories of documents disclosed by Plaintiffs:**

    1. Collective Bargaining Agreements;

    2. Plaintiffs' trust agreements;

    3. Signature Pages of Darragh Corporation to collective bargaining agreements;

    4. Plaintiffs' trust fund records of defendant's reports and payments to the plaintiffs' trust funds;

    5. The partially completed audit of Darragh Corporation for the period December 1, 2003 through December 31, 2006;

    6. Correspondence to Plaintiffs from the auditor, Benay Widlund, regarding the December 1, 2003 through December 31, 2006 audit of defendant Darragh Corporation; and

    7. Correspondence between plaintiffs and defendant Darragh Corporation.

    **b. Categories of documents disclosed by Defendants:**

    1.   None.

**3. Each party who claims an entitlement to damages or an**

**offset sets forth the following preliminary computation of the damages or of the offset:**

Plaintiffs are entitled to the principal amount due for unpaid wages and fringe benefits for the period from December 1, 2003 through December 31, 2006 as determined by audit and for unpaid wages and fringe benefits for the period from January 1, 2007 through the present. Plaintiffs are also entitled to liquidated damages for delinquent payments, interest, auditor fees, attorneys' fees and other costs of collection. The amount due on the audit is at least $7,440.94, the amount of liquidated damages due is at least $1,488.19 (calculated at 20% of principal due) and the amount due for auditor's fees is at least $935.00 The total amounts due will be determined at trial.

Plaintiffs have received the bond limits from the Western Surety Bond in the amount of $4,000.00.

**4. All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

None disclosed.

**5. The parties will disclose the following additional information by the date listed:**

Not required at this time.

**6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

Every 30 days commencing February 1, 2008 if supplemental information is discovered.

**G. EARLY FILING OF MOTIONS**

**The following motions expected to have a significant effect**

**either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

Summary judgment motions may be heard by September 19, 2008.

Plaintiffs will seek to amend the Complaint to allege that defendant Darragh Dimensional Stone is subject to the terms of the collective bargaining agreement pursuant to the section binding successors and assigns.

**H. DISCOVERY**

**1.  Parties have conducted or have underway the following discovery:**

    Plaintiffs are propounding interrogatories, requests for
    admissions and document requests this week.

**2. The Parties propose the following discovery plan:**

Defendant will have a 3 or 4 week jury trial starting in March or early April in Riverside County.  The five (5) year statute is the 13 of April and the case will go out. Additionally, Defense Counsel is limited in the amount of time per day that he should work and is actually limited in the amount of time he can actually work, notwithstanding the fact that this number of hours greatly exceeds the recommend amount of work time.  Further, Defense Counsel was informed on September 23, 2007, that he would need another heart operation in the next 6 months to a year.  To date, Defense Counsel does not know whether such an operation is currently need, nor when it will be needed, nor the dates on which it can and/or is likely to occur.

Based on the foregoing, the Parties request the following discovery schedule:

All document requests, interrogatories and requests for admissions to be served and responded to by no later than July 11, 2008.

The parties to disclose expert witnesses, if any (their identities, resumes, final reports and other matters required pursuant to the Federal Rules of Civil Procedure) by no later than May 30, 2008.

All expert and non-expert depositions to be completed by no later than by July 11, 2008.

**3. Limitations on discovery tools in accordance with this Court's Supplemental Order to Order Setting Case Management Conference.**

    **a. depositions (excluding experts) by:**

        **plaintiffs**: no limit    **defendant**: no limit

    **b. interrogatories served by:**

        **plaintiffs**: 35 on each defendant

        **defendants**:  35 on each plaintiff

    **c. document production requests served by:**

        **plaintiffs**: 35 on each defendant

        **defendants**: 35 on each plaintiff

    **d. requests for admission served by:**

        **plaintiffs**: 35 on each defendant

        **defendants**: 35 on each plaintiff

**4.  Plaintiffs propose the following limitations on the subject matter of discovery:**

All matters relevant to or calculated to lead to the discovery of evidence relevant to the material issues raised

by the complaint and defendants' answers and affirmative defenses to the complaint.  No fishing expeditions allowed.

**5. Discovery from experts.**   Plaintiffs plan to offer expert **testimony as to the following subject matters:**

None planned at this time.

**6. The Court orders the following additional limitations on the subject matter of discovery:**

**7. Deadlines for disclosure of witnesses and completion of discovery:**

See paragraph H(2) above.

**I. PRETRIAL AND TRIAL SCHEDULE**

**1. Trial date:** September 29, 2008

**2. Anticipated length of trial (number of days):** 2 to 3.

**3. Type of trial:** Court.

**4. Final pretrial conference date:**

**5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

**6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):**

**7. Deadline to hear motions directed to the merits of all or part of the case:** September 19, 2008.

**I. Date of next case management conference:**

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

/S/Kimberly A. Hancock                    Date: January 30, 2008
Kimberly A. Hancock, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778; FAX (415) 834-1842
Attorneys for Plaintiffs


/S/ Raphael Rosingana                     Date: January 30, 2008
Raphael Rosingana, Esq.
P.O. Box 1365
Loomis, CA 95650-1365
(916) 652-4357
Attorneys for Defendants Darragh Corporation,
Darragh Dimensional Stone and John Darragh Bevan

The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to the conference.  The Court adopts this statement as modified and enters it as the order of this court pursuant to Civ.L.R. 16-8(b).

IT IS SO ORDERED.


Dated:_____        _____

                                        Hon. Elizabeth Laporte