ORIGINAL

1  Dean P. Sperling
   State Bar No. 82936
2  LAW OFFICE OF DEAN P. SPERLING
   201 East Sandpointe, Suite 220
3  Santa Ana, California 92707-5742
   (714) 438-8090
4

5  Attorneys for Defendant, Star Insurance Company, a Michigan corporation

6
                    UNITED STATES DISTRICT COURT
7
                   NORTHERN DISTRICT OF CALIFORNIA
8

9  TRUGTEES OF THE BRICKLAYERS ) CASE NO. 3:07 cv-3511 EDL
   LOCAL NO. 3 PENSION TRUST; )
10 TRUSTEES OF THE BRICKLAYERS ) ANSWER OF STAR INSURANCE
   LOCAL NO.3 HEALTH AND WELFARE ) COMPANY, A MICHIGAN
11 TRUST; TRUSTEES OF THE ) CORPORATION, TO
   BRICKLAYERS AND ALLIED CRAFTS ) COMPLAINT FOR:
12 LOCAL NO. 3 APPRENTICE TRAINING )
   TRUST; INTERNATIONAL UNION OF ) 1.   BREACH OF
13 BRICKLAYERS AND ALLIED )          COLLECTIVE
   CRAFTSMEN AFL-CIO, LOCAL UNION )       BARGAINING
14 NO. 3, ON BEHALF OF ITSELF AND AS )    AGREEMENT;
   AGENT FOR ITS MEMBERS; TRUSTEES )
15 OF THE INTERNATIONAL UNION OF ) 2.   RECOVERY OF
   BRICKLAYERS AND ALLIED )               DELINQUENT WAGE &
16 CRAFTSMEN PENSION FUND, )              FRINGE BENEFIT
                                 )        CONTRIBUTIONS;
17            Plaintiffs,        )
                                 )   3.   INJUNCTION;
18       vs.                     )
                                 )   4.   BOND
19 DARRAGH CORPORATION, a Texas )
   corporation; CNC CONTRACTORS, INC., dba )
20 SUNBELT CNC CONTRACTORS, a Texas )
   corporation; DARRAGH DIMENSIONAL )
21 STONE, a California; JOHN DARRAGH )
   BEVAN; WESTERN SURETY COMPANY, a )
22 South Dakota corporation; STAR )
   INSURANCE COMPANY, a Michigan )
23 corporation, )
                                 )
24            Defendants.        )
                                 )
25 ─────────────────────────────

26      Defendant, Star Insurance Company, a Michigan corporation, (hereinafter referred
27 to as "Defendant"), for itself and for no other Defendant, answering the Unverified
28 Complaint filed herein by Plaintiffs, admits, denies, and alleges as follows:

                                      1

## FIRST CLAIM FOR RELIEF

### (Delinquent Contributions 29 U.S.C. Section 1145)

1.  Answering the allegations of paragraph 1 of the Complaint on file herein, this answering Defendant admits that this Court has jurisdiction of the within action. Except as expressly admitted herein, this answering Defendant lacks sufficient information and belief to answer the remaining allegations and on this basis generally and specifically denies same in full.

2.  Answering the allegations of paragraph 2 of the Complaint on file herein, this answering Defendant admits that this Court is the proper venue regarding the within action. Except as expressly admitted herein, this answering Defendant lacks sufficient information and belief to answer the remaining allegations and on this basis generally and specifically denies same in full.

3.  Answering the allegations of paragraph 3 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

4.  Answering the allegations of paragraph 4 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

5.  Answering the allegations of paragraph 5 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

6.  Answering the allegations of paragraph 6 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

7.  Answering the allegations of paragraph 7 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

8.  Answering the allegations of paragraph 8 of the Complaint on file herein, this

answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

9. Answering the allegations of paragraph 9 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

10. Answering the allegations of paragraph 10 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

11. Answering the allegations of paragraph 11 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

12. Answering the allegations of paragraph 12 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

13. Answering the allegations of paragraph 13 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

14. Answering the allegations of paragraph 14 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

15. Answering the allegations of paragraph 15 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

16. Answering the allegations of paragraph 16 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

17. Answering the allegations of paragraph 17 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and

Answer of Star Insurance to Complaint

1 | on this basis generally and specifically denies same in full.

2 |     18. Answering the allegations of paragraph 18 of the Complaint on file herein, this
3 | answering Defendant lacks sufficient information and belief to answer said allegations and
4 | on this basis generally and specifically denies same in full.

5 |     19. Answering the allegations of paragraph 19 of the Complaint on file herein, this
6 | answering Defendant lacks sufficient information and belief to answer said allegations and
7 | on this basis generally and specifically denies same in full.

8 |     20. Answering the allegations of paragraph 20 of the Complaint on file herein, this
9 | answering Defendant lacks sufficient information and belief to answer said allegations and
10 | on this basis generally and specifically denies same in full.

11 |     21. Answering the allegations of paragraph 21 of the Complaint on file herein, this
12 | answering Defendant lacks sufficient information and belief to answer said allegations and
13 | on this basis generally and specifically denies same in full.

14 |     22. Answering the allegations of paragraph 22 of the Complaint on file herein, this
15 | answering Defendant lacks sufficient information and belief to answer said allegations and
16 | on this basis generally and specifically denies same in full.

17 | **SECOND CLAIM FOR RELIEF**
18 | **(Breach of Contract 29 U.S.C. Section 185)**

19 |     23. Defendant realleges and incorporates by reference its responses in this Answer
20 | to paragraphs 2 through 22 of the Complaint as though set forth in full herein.

21 |     24. Answering the allegations of paragraph 24 of the Complaint on file herein, this
22 | answering Defendant admits that this Court has jurisdiction of the within action. Except as
23 | expressly admitted herein, this answering Defendant lacks sufficient information and belief
24 | to answer the remaining allegations and on this basis generally and specifically denies same
25 | in full.

26 |     25. Answering the allegations of paragraph 25 of the Complaint on file herein, this
27 | answering Defendant lacks sufficient information and belief to answer said allegations and
28 | on this basis generally and specifically denies same in full.

Answer of Star Insurance to Complaint

26. Answering the allegations of paragraph 26 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

27. Answering the allegations of paragraph 27 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

28. Answering the allegations of paragraph 28 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

29. Answering the allegations of paragraph 29 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

30. Answering the allegations of paragraph 30 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

### THIRD CLAIM FOR RELIEF
### (Injunction)

31. Defendant realleges and incorporates by reference its responses in this Answer to paragraphs 2 through 30 of the Complaint as though set forth in full herein.

32. Answering the allegations of paragraph 32 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

33. Answering the allegations of paragraph 33 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full

34. Answering the allegations of paragraph 34 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full

35. Answering the allegations of paragraph 35 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full

### FOURTH CLAIM FOR RELIEF

### (Action on Contractor's Licence Bond -California Business & Professions Code Sections 7071.11, et. seq. as to Star Insurance Company)

36. Defendant realleges and incorporates by reference its responses in this Answer to paragraphs 2 through 35 of the Complaint as though set forth in full herein.

37. Answering the allegations of paragraph 37 of the Complaint on file herein, this answering Defendant admits that the within action is to recover, in part, alleged unpaid wages. Except as expressly admitted herein, this answering Defendant generally and specifically denies each and every allegation of said paragraph.

38. Answering the allegations of paragraph 38 of the Complaint on file herein, this answering Defendant admits the allegations contained therein.

39. Answering the allegations of paragraph 39 of the Complaint on file herein, this answering Defendant admits that it issued bond number SA6003410 (the "Bond") on behalf of Darragh Corporation. The Bond was in effect for the penal sum of $7,500.00 for the time period of July 29, 1995 through and including December 31, 2003, and for the penal sum of $10,000.00 for the time period of January 1, 2004 through and including July 29, 2004. Except as expressly admitted herein, this answering Defendant generally and specifically denies each and every allegation of said paragraph.

40. Answering the allegations of paragraph 40 of the Complaint on file herein, this answering Defendant admits that the beneficiaries of the Bond are as set forth in California Business & Professions Code Section 7071.5. Except as expressly admitted herein, this answering Defendant generally and specifically denies each and every allegation of said paragraph.

41. Answering the allegations of paragraph 41 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and

on this basis generally and specifically denies same in full.

## FIFTH CLAIM FOR RELIEF

### (Action on Contractor's Licence Bond -California Business & Professions Code Sections 7071.11, et. seq. as to Western Insurance Company)

42.  Defendant realleges and incorporates by reference its responses in this Answer to paragraphs 2 through 41 of the Complaint as though set forth in full herein.

43.  Answering the allegations of paragraph 37 of the Complaint on file herein, this answering Defendant admits that the within action is to recover, in part, alleged unpaid wages. Except as expressly admitted herein, this answering Defendant generally and specifically denies each and every allegation of said paragraph.

44.  Answering the allegations of paragraph 44 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

45.  Answering the allegations of paragraph 45 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

46.  Answering the allegations of paragraph 46 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

47.  Answering the allegations of paragraph 47 of the Complaint on file herein, this answering Defendant lacks sufficient information and belief to answer said allegations and on this basis generally and specifically denies same in full.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Cause of Action)**

48.  The Complaint (and each and every claim for relief contained therein) does not state facts sufficient to constitute a cause of action against this answering Defendant.

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

49. The Complaint impermissibly seeks from this answering Defendant alleged monies in excess and beyond that permitted by California Business & Professions Code Section 7071.5(d).

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

50. All of the causes of action of the Complaint on file herein are barred by Plaintiffs' failure to mitigate the damages they allegedly sustained, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

51. Defendant is informed and believes, and thereon alleges, that Plaintiffs unreasonably delayed bringing suit against it, thereby prejudicing Defendant's rights. Therefore, all of the equitable causes of action of the Complaint are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Indemnity)

52. If Plaintiffs sustained any damages, whether as alleged in the Complaint on file herein, or otherwise, which Defendant denies, then in that event, this answering Defendant is entitled to indemnity from other parties to the extent that such parties contributed to Plaintiffs' alleged damages, if any.

WHEREFORE, this answering Defendant prays:

1. That Plaintiffs take nothing by their Complaint on file herein and that the same be dismissed;

2. For costs of suit incurred herein; and

///

///

3.  For such other and further relief as the Court may deem just and proper.

                                    Respectfully submitted,

                                    **LAW OFFICE OF DEAN P. SPERLING**

DATED: January 22, 2008        By:   _/s/ Dean P. Sperling_
                                                    Dean P. Sperling, Attorney for Defendant, Star Insurance Company

Answer of Star Insurance to Complaint

| | | |
|---|---|---|
| SHORT TITLE: | Trustees of the Bricklayers Local No. 3 Pension Trust. v. Darragh Corporation | |
| CASE NO.: | 3:07 cv-3511 EDL | |

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the City of Santa Ana, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 201 E. Sandpointe, Suite 220, Santa Ana, CA 92707-5742. On January 22, 2008, I served the documents named below on the parties in this action as follows:

**DOCUMENTS(S) SERVED:** Answer of Star Insurance Company, a Michigan Corporation, to Complaint For: 1. Breach of Collective Bargaining Agreement; 2. Recovery of Delinquent Wage & Fringe Benefit Contributions; 3. Injunction; 4. Bond

**SERVED UPON:**

Kent Khtikian, Esq.
Kimberly A. Hancock, Esq.
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
(Attorneys for Plaintiffs)

XX   (BY MAIL) By placing a true copy in a separate envelope for each addressee named above, with the name and address of each person served shown on the envelope as set forth above, and by causing each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Santa Ana, California. I am readily familiar with the practice of our firm for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____   (BY FACSIMILE) My business address is located in the county where the facsimile machine transmission described below took place. On the above date, at 9:30 a.m, I caused a facsimile machine transmission from facsimile machine telephone number: (714) 438-8088 of the above documents to be sent to the parties whose facsimile numbers are listed above. Upon completion of the said facsimile machine transmission(s), the transmitting machine issued a transmission report showing the transmission(s) was/were complete and without error.

XX   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on January 22, 2008, at Santa Ana, California.

Lori Ruiz

1

Proof of Service