Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock, Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST, et al. <br><br> Plaintiffs, <br><br> vs. <br><br> DARRAGH CORPORATION, et al. <br><br> Defendants. | Case No.: C 07-03511 EDL <br><br> NOTICE OF MOTION AND MOTION FOR DISCOVERY SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br> [Fed. Rule Civ. Proc. 37(d)] <br><br> Date: July 15, 2008 <br> Time: 9:00 a.m. <br> Courtroom E, 15th Floor <br> San Francisco Courthouse <br> 450 Golden Gate Ave., SF <br><br> Judge: Hon. Elizabeth Laporte |

NOTICE IS HEREBY GIVEN that, on July 15, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom E, 15th Floor, of the United Stated District Court located at 450 Golden Gate Avenue, San Francisco, CA, before the Honorable Judge Elizabeth Laporte, United States Magistrate Judge, Plaintiffs TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST et al. will, and hereby does, move the court for an order (i) directing Defendants DARRAGH CORPORATION, DARRAGH DIMENSIONAL STONE, and JOHN DARRAGH BEVAN and their counsel of record, Raphael Rosingana, to pay to plaintiffs' the sum of $5,510, as the reasonable costs and attorney fees incurred by the moving party in connection with this proceeding, caused by defendants' failure to respond to the respond to the

NOTICE OF MOTION AND MOTION FOR DISCOVERY SANCTIONS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

following discovery requests propounded by Plaintiffs:

1. Special Interrogatories (Set One) Directed to Defendant Darragh Corporation;

2. Special Interrogatories (Set One) Directed to Defendant Darragh Dimensional Stone;

3. Special Interrogatories (Set One) Directed to Defendant John Darragh Bevan;

4. Request for Production of Documents (Set One) Directed to Defendant Darragh Corporation; and

5. Request for Production of Documents Directed to Defendant Darragh Dimensional Stone;

and (ii) prohibiting defendants DARRAGH CORPORATION, DARRAGH DIMENSIONAL STONE, and JOHN DARRAGH BEVAN from opposing plaintiffs' alter ego claims at trial.

This motion is made on the grounds that above-described discovery requests are relevant to the subject matter of the action and did not relate to privileged matters, and defendants refusal to respond is without substantial justification. Plaintiffs' counsel has certified her obligation to attempt to meet and confer, to which defendants' counsel failed to respond.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Kimberly Hancock submitted in support of this Motion, the records and files in this action and such other evidence as may be presented at the hearing on the motion and allowed by the Court.

Dated: June 10. 2008                                    KATZENBACH AND KHTIKIAN

                                                        By: /s/ Kimberly A. Hancock
                                                            Kimberly A. Hancock
                                                            Attorney for Plaintiffs

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.     INTRODUCTION.**

3     Plaintiffs action against defendants JOHN DARRAGH BEVAN ("Bevan"), DARRAGH CORPORATION ("Darragh"), DARRAGH DIMENSIONAL STONE ("DDS") and STAR INSURANCE COMPANY[1] alleges failure to make timely contributions to a multi-employer benefit plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. Section 1132(g)(2), breach of contract (collective bargaining agreement), injunction for production of documents to complete an audit and a claim on Darragh's contractor's license bond pursuant to California Business & Professions Code §§ 7071.11 et. seq. Plaintiffs allege claims against defendants Bevan and DDS on an alter ego theory. See Complaint at ¶¶ 8-9.

    Darragh is signatory to a collected bargaining agreement with plaintiff Bricklayers Union Local No. 3 ("Union") which agreement, inter alia, requires Darragh to pay certain wages and make fringe benefits contributions to the trusts funds for work performed by covered employees in the Union's jurisdiction, and to allow the plaintiff trust funds to audit Darragh's records to insure that wages and fringe benefit contributions have been properly made. Complaint at ¶¶ 10-12. Plaintiffs' audit of defendant Darragh revealed that Darragh failed to make fringe benefit contributions in the amount of $7,440.94 during the period from December 1, 2003 through December 31, 2006.  Complaint at ¶13.  In addition, Darragh failed to produce all documents necessary to complete the audit.   Complaint at ¶14.

    On January 31, 2008, plaintiffs served defendants Bevan, Darragh and DDS with interrogatories, requests for production of documents and requests for admissions. Declaration of Kimberly A. Hancock in Support of Plaintiffs' Motion for Discovery Sanctions ("Hancock Sanctions Decl.") at ¶ 2. Due to ongoing settlement discussions between the parties, plaintiffs extended the time for defendants to respond to the discovery requests until April 11, 2008. Although a settlement agreement was reached, defendants failed to perform. Id. at ¶ 3.

---

[1] Plaintiffs have voluntarily dismissed defendants Western Insurance Company and CNC Contractors.

Thereafter, Plaintiffs attempted to meet and confer with defendants requesting that they serve responses to the discovery by no later than May 29, 2008. Id. at ¶ 4. Defendants failed to respond to the meet and confer letter and thereafter failed to serve any discovery responses by the date requested. Id. at ¶ 5.

Plaintiffs' have incurred reasonable attorneys' fees in the amount of $5,510 incurred in connection with defendants' failure to respond to the discovery requests. Hancock Sanctions Decl. at ¶ 11.

Plaintiffs now bring this motion for discovery sanctions in conjunction with its Motion to Compel Discovery Responses filed herewith.

## II.     FACTS.

On January 31, 2008, plaintiffs served defendants Bevan, Darragh and DDS with the following discovery requests:

1. Special Interrogatories (Set One) Directed to Defendant Darragh Corporation;
2. Special Interrogatories (Set One) Directed to Defendant Darragh Dimensional Stone;
3. Special Interrogatories (Set One) Directed to Defendant John Darragh Bevan;
4. Request for Production of Documents (Set One) Directed to Defendant Darragh Corporation;
5. Request for Production of Documents (Set One) Directed to Defendant Darragh Dimensional Stone.
6. Requests for Admission Directed to Defendant Darragh Corporation; and
7. Requests for Admission Directed to Defendant Darragh Dimensional Stone.

Hancock Sanctions Decl. at ¶¶ 2.

Defendants' response were originally due on March 6, 2008. Id. at ¶ 3. Due to ongoing settlement negotiations between the parties, plaintiffs extended defendants' time within which to respond to the discovery requests until April 11, 2008. Ibid. Although the parties reached a settlement agreement, Defendant failed to perform on the settlement agreement reached by the parties during this time and failed to respond to the discovery requests by April 11, 2008. Ibid.

On May 15, 2008, plaintiffs' counsel wrote to counsel for defendants', Raphael Rosingana, to meet and confer regarding defendants' belated discovery responses. Hancock Sanctions Decl. at ¶ 4. Plaintiffs' counsel advised Mr. Rosingana of plaintiffs' position that by failing to respond to the discovery requests by the due date, that defendants had waived all objections and that all requests for admissions were now deemed admitted. Plaintiffs' counsel further advised that defendants must serve their responses to the Special Interrogatories and the Requests for Production of Documents by no later than May 29, 2008 or that plaintiffs would seek a court order compelling the discovery responses and request sanctions against defendants' and defendants' counsel. Ibid. Defendants did not respond to plaintiffs' meet and confer letter and did not serve any discovery responses by the deadline, May 29, 2008. Id. at ¶ 5.

III.  ARGUMENT.

    **A. Defendants' Total Failure To Respond To Plaintiffs' Discovery Responses Requires An Award Of Monetary Sanctions Against Defendants And Their Counsel of Record**.

This Court may sanction a party for failing to respond to interrogatories under Rule 33 or requests for inspection of documents under Rule 34. Fed. Rule of Civ. Proc. 37(d)(1); *LaClede Gas Company v. G.W. Warnecke Corporation* (8th Cir. 1979) 604 F.2d 561, 565 ("Rule 33(d) applies only where a failure to answer interrogatories amounts to a total failure to respond.") Sanctions may be varied and may include, inter alia, prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence (Fed. Rule of Civ. Proc. 37(b)(2)(A)(ii)). However, when sanctions are awarded, the Court "*must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. Rule of Civ. Proc. 37(d)(3) [emphasis added]. Defendants need not have acted wilfully or in bad faith to justify a discovery sanctions, only to have been at fault. See *General Motors Corporation v. Goodyear Tire and Rubber Company* (7th Cir.) 966 F.2d 220, 224 citing *National Hockey League v. Metropolitan Hockey Club, Inc.* (1976) 427 U.S. 639, 640 (per curiam) (emphasis added)

(Discovery sanctions may be appropriate "where the noncomplying party acted *either* with wilfulness, bad faith *or* fault".... 'Fault'... doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct-or lack thereof-which eventually culminated in the violation.")

Here, defendants have entirely failed to respond to plaintiffs' discovery requests. Defendants were required to respond within 30 days of service, or in the time period as stipulated by the parties, to plaintiffs' Special Interrogatories, Requests for Production of Documents and Requests For Admissions. Fed. Rules of Civ. Proc. 33(b)(1)(2), 34(b)(2)(A) and 36(a)(3). Defendants failed to provide any responses by the stipulated due date, April 11, 2008. Hancock Sanction Decl., at ¶ 3. Defendants counsel never requested an extension of time or communicated in any way with plaintiffs' counsel regarding the discovery responses. Ibid.

Plaintiffs' counsel has certified her good faith attempt to meet and confer in order to obtain the discovery responses without court order. Id. at ¶ 4, <u>Exhibit A</u>. By letter dated May 15, 2008, plaintiffs' counsel advised defense counsel that defendants had failed to serve any responses to the discovery requests, that all requests for admission were now admitted and all objections to any discovery requests waived. Ibid. Plaintiffs' counsel further advised that if defendants' responses to the Special Interrogatories and Requests for Production of Documents were not served by May 29, 2008, that plaintiffs would move to for an order directing defendants' response to the Special Interrogatories and Requests for Production of Documents, and for sanctions against defendants Bevan, Darragh and DDS, and their counsel of record. Ibid. Counsel for defendants thereafter failed to respond to plaintiffs' meet and confer letter regarding the belated discovery responses. Defendants Bevan, Darragh and DDS failed to serve any responses to the Special Interrogatories and Requests for Production of Documents by the deadline stated in the meet and confer letter, May 29, 2008. Id. at ¶ 5.

The special interrogatories and requests for production of documents propounded by plaintiffs are material to the issues in this litigation in particular, as to the alter ego claims against defendants and are not subject to any privilege. See Memorandum of Points and

Authorities in Support of Plaintiffs Motion to Compel Discovery ("Pltfs. Discovery Mem."), pp. 6-7. Defendants have shown no justification for their failure to respond to the discovery requests. In fact, defendants' counsel has failed to communicate at all with plaintiffs' counsel regarding the discovery responses. Hancock Sanctions Decl. at ¶¶ 3, 5.

Defendants and their counsel should be sanctioned in the amount of $5,510 for their total failure to respond to plaintiffs' discovery requests. Id. at ¶ 8.

**B. Defendants' Counsel's Failure To Meet and Confer Supports An Award Of Monetary Sanctions Pursuant To Local Rule 37-1(a)**

Pursuant to Local Rule 37-1(a), if the moving party seeks to confer and opposing counsel refuses or fails to confer, the Court may impose sanctions, including an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.

Defendants' counsel has completely failed to respond to Plaintiffs' counsel attempt to meet and confer regarding the belated responses. Hancock Sanctions Decl., at ¶ 5. In fact, defendants' counsel has failed to meet and confer regarding a number of discovery issues including scheduling depositions and a request by plaintiffs to extend the discovery cutoff deadline due to the delay in the case based on defendants' failure to perform on settlement agreements. Id. at ¶¶ 6-7.

Based on defendants' total failure to answer the discovery requests and defendants' counsel failure to meet and confer, plaintiffs' have incurred the attorney's fees related to preparing this motion and the Motion To Compel Discovery Responses filed herewith in the amount of $5,510. This Court should award sanctions against defendants and their counsel of record, Raphael Rosingana, in the amount of $5,510. Id. at ¶ 8.

**C. This Court Should Additionally Sanction Defendants By Prohibiting Defendants From Presenting Any Defense Relating To the Alter Ego Claim**.

Fed. Rule of Civ. Pro. 37 provides for a variety of sanctions for a party's failure to respond to interrogatories and requests for production of documents including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. Rule of Civ. Proc. 37(b)(2)(A)(ii) (as cross-

referenced in Fed. Rule of Civ. Proc. 37(d)(3)).

Defendants have failed to respond to special interrogatories and document requests largely relevant to plaintiffs' alter ego theory of liability against DDS and Bevan. Plaintiffs are seeking information regarding defendants' corporate management, financial management, assets, employees and transfers between defendants. See Pltfs. Motion to Compel, pp. 6-7.

An appropriate sanction would be to preclude defendants' from opposing plaintiffs' alter ego claims against DDS and Bevan as defendants' failure to respond to plaintiffs' discovery frustrates plaintiffs' ability to establish the alter ego doctrine.

## IV.  CONCLUSION.

For the above-stated reasons, this Court should enter an order sanctioning defendants and their counsel of record for failing to respond to plaintiffs' special interrogatories and requests for production of documents and failing to meet and confer (i) directing defendants DARRAGH CORPORATION, DARRAGH DIMENSIONAL STONE, JOHN DARRAGH BEVAN and their counsel of record, jointly and severally, to pay to plaintiffs' the sum of $5,510, and (ii) prohibiting defendants' DARRAGH CORPORATION, DARRAGH DIMENSIONAL STONE, JOHN DARRAGH BEVAN from opposing plaintiffs' alter ego claims at trial.

Dated:  June 10, 2008                                    KATZENBACH AND KHTIKIAN


By: /s/ Kimberly A. Hancock
    Kimberly A. Hancock
    Attorney for Plaintiffs