```
Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock, Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST, et al.<br><br>    Plaintiffs,<br><br>vs.<br><br>DARRAGH CORPORATION, et al.<br><br>    Defendants. | Case No.: C 07-03511 EDL<br><br>NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date: July 15, 2008<br>Time: 9:00 a.m.<br>Courtroom E, 15th Floor<br>San Francisco Courthouse<br>450 Golden Gate Ave., SF<br><br>Judge: Hon. Elizabeth Laporte |

    NOTICE IS HEREBY GIVEN that, on July 15, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom E, 15th Floor, of the United Stated District Court located at 450 Golden Gate Avenue, San Francisco, CA, before the Honorable Judge Elizabeth Laporte, United States Magistrate Judge, Plaintiffs TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST et al. will, and hereby does, move the court for an order directing Defendants DARRAGH CORPORATION, DARRAGH DIMENSIONAL STONE, and JOHN DARRAGH BEVAN to respond to the following discovery requests propounded by Plaintiffs to which defendants have failed to respond:

    1. Special Interrogatories (Set One) Directed to Defendant Darragh Corporation;

    2. Special Interrogatories (Set One) Directed to Defendant Darragh Dimensional Stone;

3. Special Interrogatories (Set One) Directed to Defendant John Darragh Bevan;

4. Request for Production of Documents (Set One) Directed to Defendant Darragh Corporation; and

5. Request for Production of Documents Directed to Defendant Darragh Dimensional Stone.

This motion is made on the grounds that above-described discovery requests are relevant to the subject matter of the action and did not relate to privileged matters, and defendants refusal to respond is without substantial justification. Plaintiffs' counsel has certified her obligation to attempt to meet and confer, to which defendants' counsel failed to respond.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Kimberly A. Hancock submitted in support of this Motion, the records and files in this action and such other evidence as may be presented at the hearing on the motion and allowed by the Court.

Dated: June 10, 2008                              KATZENBACH AND KHTIKIAN

 

By: /s/ Kimberly A. Hancock
     Kimberly A. Hancock
     Attorney for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION.**

Plaintiffs action against defendants JOHN DARRAGH BEVAN ("Bevan"), DARRAGH CORPORATION ("Darragh"), DARRAGH DIMENSIONAL STONE ("DDS") and STAR INSURANCE COMPANY[1] alleges failure to make timely contributions to a multi-employer benefit plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. Section 1132(g)(2), breach of contract (collective bargaining agreement), injunction for production of documents to complete an audit and a claim on Darragh's contractor's license bond pursuant to California Business & Professions Code §§ 7071.11 et. seq. Plaintiffs allege claims against defendants Bevan and DDS on an alter ego theory. See Complaint at ¶¶ 8-9.

Darragh is signatory to a collected bargaining agreement with plaintiff Bricklayers Union Local No. 3 ("Union") which agreement, inter alia, requires Darragh to pay certain wages and make fringe benefits contributions to the trusts funds for work performed by covered employees in the Union's jurisdiction, and to allow the plaintiff trust funds to audit Darragh's records to insure that wages and fringe benefit contributions have been properly made. Complaint at ¶¶ 10-12. Plaintiffs' audit of defendant Darragh revealed that Darragh failed to make fringe benefit contributions in the amount of $7,440.94 during the period from December 1, 2003 through December 31, 2006. Complaint at ¶13. In addition, Darragh failed to produce all documents necessary to complete the audit. Complaint at ¶14.

On January 31, 2008, plaintiffs served defendants Bevan, Darragh and DDS with interrogatories, requests for production of documents and requests for admissions. Declaration of Kimberly A. Hancock in Support of Plaintiffs' Motion to Compel Discovery ("Hancock Decl.") at ¶ 2. Due to ongoing settlement discussions between the parties, plaintiffs extended the time for defendants to respond to the discovery requests until April 11, 2008. Although a settlement agreement was reached, defendants failed to perform. Id. at ¶ 3. Thereafter, Plaintiffs

---

[1] Plaintiffs have voluntarily dismissed defendants Western Insurance Company and CNC Contractors.

1  attempted to meet and confer with defendants requesting that they serve responses to the
2  discovery by no later than May 29, 2008. Id. at ¶ 4. Defendants failed to respond to the meet
3  and confer letter and thereafter failed to serve any discovery responses by the date requested. Id.
4  at ¶ 5.

5  Plaintiffs now bring this motion to compel responses to the outstanding discovery
6  requests.

**II.     FACTS.**

On January 31, 2008, plaintiffs served defendants Bevan, Darragh and DDS with the following discovery requests:

1. Special Interrogatories (Set One) Directed to Defendant Darragh Corporation;
2. Special Interrogatories (Set One) Directed to Defendant Darragh Dimensional Stone;
3. Special Interrogatories (Set One) Directed to Defendant John Darragh Bevan;
4. Request for Production of Documents (Set One) Directed to Defendant Darragh Corporation;
5. Request for Production of Documents (Set One) Directed to Defendant Darragh Dimensional Stone.
6. Requests for Admission Directed to Defendant Darragh Corporation; and
7. Requests for Admission Directed to Defendant Darragh Dimensional Stone.

Hancock Decl. at ¶¶ 2, 6-11, Exhibits 2-7.

Defendants' response were originally due on March 6, 2008. Id. at ¶ 3. Due to ongoing settlement negotiations between the parties, plaintiffs extended defendants' time within which to respond to the discovery requests until April 11, 2008. Ibid. Although the parties reached a settlement agreement, Defendant failed to perform on the settlement agreement reached by the parties during this time and failed to respond to the discovery requests by April 11, 2008. Ibid.

On May 15, 2008, plaintiffs' counsel wrote to counsel for defendants', Raphael Rosingana, to meet and confer regarding defendants' belated discovery responses. Hancock Decl. at ¶ 4. Plaintiffs' counsel advised Mr. Rosingana of plaintiffs' position that by failing to

respond to the discovery requests by the due date, that defendants had waived all objections and that all requests for admissions were now deemed admitted. Plaintiffs' counsel further advised that defendants must serve their responses to the Special Interrogatories and the Requests for Production of Documents by no later than May 29, 2008 or that plaintiffs would seek a court order compelling the discovery responses and request sanctions against defendants' and defendants' counsel. Ibid. Defendants did not respond to plaintiffs' meet and confer letter and did not serve any discovery responses by the deadline, May 29, 2008. Id. at ¶ 5.

### III.  ARGUMENT.

#### A. Defendants' Failed To Provide Discovery Responses By the Stipulated Due Date And Defendants' Counsel Failed To Respond To Plaintiffs' Counsel Request To Meet and Confer.

A party must respond to Interrogatories and Requests for Production of Documents within 30 days of service or in the time period as stipulated by the parties. Fed. Rule of Civ. Proc. 33(b)(1)(2) and 34(b)(2)(A). A responding party must state with specificity any grounds for objection to an interrogatory or request for production, and any objection not stated within the time allowed to respond to the discovery is waived. Fed. Rule of Civ. Proc. 33(b)(4) and 34(b)(2).

A party may move for an order compelling discovery responses and must certify that a good faith attempt to meet and confer in order to obtain the discovery without court action has been made. Fed. Rule of Civ. Proc. 37(a)(1); Local Rule 37-1(a).

Here, defendants Bevan, Darragh and DDS failed to serve any responses to the interrogatories and requests for production of documents by the stipulated due date, April 11, 2008. Hancock Decl. at ¶ 2. Plaintiffs' counsel has certified her good faith attempt to meet and confer in order to obtain the discovery responses without court order. Id. at ¶ 4. By letter dated May 15, 2008, plaintiffs' counsel advised defense counsel that defendants had failed to serve any responses to the discovery requests, that all requests for admission were now admitted and all objections to any discovery requests waived. Ibid. Plaintiffs' counsel further advised that if defendants' responses to the Special Interrogatories and Requests for Production of Documents

were not served by May 29, 2008, that plaintiffs would move to for an order directing defendants' response to the Special Interrogatories and Requests for Production of Documents, and for sanctions against defendants Bevan, Darragh and DDS, and their counsel of record. Ibid. Counsel for defendants thereafter failed to respond to plaintiffs' meet and confer letter regarding the belated discovery responses. Defendants Bevan, Darragh and DDS failed to serve any responses to the Special Interrogatories and Requests for Production of Documents by the deadline stated in the meet and confer letter, May 29, 2008. Id. at ¶ 5.

Plaintiffs provided defendants a period of over two-and-a-half months from the original due date within which to respond to the discovery but received no responses. Plaintiffs' counsel attempt to meet and confer regarding the responses to the outstanding discovery has been met with silence from defendants' counsel.

### B. The Discovery Requests Are Relevant To Material Issues In the Case and Plaintiffs Will Be Substantially Prejudiced By Defendants' Failure To Respond.

Plaintiffs will be actually and substantially prejudiced in prosecuting their claims by defendants' failure to respond to the outstanding discovery responses. See *Packman v. Chicago Tribune Company* (2001) 267 F.3d 628, 646. The Special Interrogatories directed to defendant Darragh explore the material issues regarding (i) the facts upon which Darragh bases its denials of material allegations and affirmative defenses (Special Interrogatories (Set One) Directed to Defendant Darragh Corporation Nos. 4-7), (ii) the corporate management of Darragh relevant to plaintiffs' alter ego claims (Id., Nos. 10-15), (iii) the financial management of Darragh relevant to plaintiffs' alter ego claims (Id., Nos. 16-18, 21-23), and (iv) the employees of Darragh and any subcontracts entered into by Darragh (including without limitation subcontracts entered into with Darragh Dimensional Stone) relevant to plaintiffs' alter ego claims (Id., Nos. 8-9, 19-20). Hancock Decl., Exhibit 2.

The Special Interrogatories directed to defendant DDS explore the material issues relevant to plaintiffs' alter ego claims regarding (i) DDS' employees, (Special Interrogatories (Set One) Directed to Defendant Darragh Dimensional Stone, Nos. 1-2), (ii) corporate management of DDS (Id., Nos. 3-8), (iii) financial management of DDS (Id., No. 9), and (iv)

1  payments, loans and money transfers between Darragh and DDS (Id., Nos. 10-17). Hancock
2  Decl., Exhibit 3.
3        The Special Interrogatories directed to defendant John Darragh Bevan similarly explore
4  the material issues relevant to plaintiffs' alter ego claims regarding (i) payments, loans and
5  money transfers between defendant Bevan and defendant Darragh Dimensional Stone (Special
6  Interrogatories (Set One) Directed to Defendant John Darragh Bevan, Nos. 1-8), and (ii)
7  payments, loans and money transfers between defendant Bevan and defendant Darragh
8  Corporation (Id., Nos. 9-16). Hancock Decl., Exhibit 4.
9        The Requests for Production of Documents directed to defendant Darragh Corporation
10 request documents relevant to the alter ego claims requesting documents regarding (i) Board of
11 Directors and shareholder meetings (Requests for Production of Documents (Set One) Directed
12 to Defendant Darragh Corporation, Nos. 3-4), (ii) lease agreements and rent payments made by
13 Darragh (Id., Nos. 5-6), (iii) assets and accounts held by Darragh (Id., Nos. 7, 9), (iv) and
14 Darragh employees (Id., Nos. 8). Plaintiffs also request from Darragh documents regarding
15 Darragh's communication with the Union and trusts relevant to the breach of contract claim (Id.,
16 No. 1-2) and documents in support of Darragh's denial of material allegations, requests for
17 admissions and affirmative defenses (Id., Nos. 10-12). Hancock Decl., Exhibit 5.
18       The Request for Production of Documents directed to defendant Darragh Dimensional
19 Stone similarly request documents relevant to the alter ego claims in requesting documents
20 regarding (i) Board of Directors and shareholder meetings (Requests for Production of
21 Documents (Set One) Directed to Defendant Darragh Dimensional Stone, Nos. 1-2), (ii) lease
22 agreements and rent payments made by DDS (Id., Nos. 3- 4), (iii) assets and accounts held by
23 DDS (Id., Nos. 5, 7), (iv) and Darragh employees (Id., Nos. 6). Hancock Decl., Exhibit 6.
24       All of the above-summarized discovery requests are materially relevant to plaintiffs'
25 claims and are not subject to any privileges. Without responses to these material discovery
26 requests, plaintiffs' will be substantially prejudiced in establishing their alter ego claims as well
27 as responding to defendants' material denials and affirmative defenses.
28

**C. Defendants Have Established No Substantial Justification For Failing To Respond To the Discovery Requests.**

Defendants have established no substantial justification for failing to respond to the discovery requests. In fact, plaintiffs' counsel attempt to meet and confer regarding the belated requests received no reply at all from defendants' counsel. Hancock Decl. at ¶ 5.

**IV.    CONCLUSION.**

For the above-stated reasons, this Court should enter an order directing (i) defendant DARRAGH CORPORATION to respond to the Special Interrogatories (Set One) Directed to Darragh Corporation, and Requests For Production of Documents (Set One) Directed to Darragh Corporation, (ii) defendant DARRAGH DIMENSIONAL STONE to respond to the Special Interrogatories (Set One) Directed to Darragh Dimensional Stone, and Requests For Production of Documents (Set One) Directed to Darragh Dimensional Stone, and (iii) defendant JOHN DARRAGH BEVAN to respond to the Special Interrogatories (Set One) Directed to John Darragh Bevan.

Dated:   June 10, 2008                                             KATZENBACH AND KHTIKIAN


                                                                   By: /s/ Kimberly A. Hancock
                                                                         Kimberly A. Hancock
                                                                         Attorney for Plaintiffs