# Exhibit 2

1 │ Kent Khtikian, Esq. (#99843)
  │ Kimberly A. Hancock, Esq. (#205567)
2 │ Katzenbach and Khtikian
  │ 1714 Stockton Street, Suite 300
3 │ San Francisco, California  94133-2930
  │ Telephone: (415) 834-1778
4 │ Facsimile: (415 834-1842

5 │ Attorney for Plaintiffs

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3      ) Case  No.: C 07-03511 EDL
    PENSION TRUST, et al.                        )
11                                               )
            Plaintiffs,                          ) SPECIAL INTERROGATORIES
12                                               ) (SET ONE) DIRECTED TO
            vs.                                  ) DEFENDANT DARRAGH
13                                               ) CORPORATION
    DARRAGH CORPORATION, et al.                  )
14                                               )
                                                 )
15          Defendants.                          )
                                                 )
16  ─────────────────────────────────────────────)

17  PROPOUNDING PARTY:    PLAINTIFF, Trustees of the Bricklayers Local No. 3 Pension Trust

    RESPONDING PARTY:     DEFENDANT, Darragh Corporation
18
    SET NO.:              1 (One)
19
           Plaintiff, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST,
20
    hereby requests, pursuant to Federal Rules of Civil Procedure, Rule 33, that defendant,
21
    DARRAGH CORPORATION  answer the following interrogatories separately and under oath,
22
    within 30 days of service of these interrogatories upon you.
23
    Dated: January 30, 2008              KATZENBACH & KHTIKIAN
24

25

26                                       By: _____
                                             Kimberly A. Hancock
27                                           Attorney for Plaintiffs

28

         SPECIAL INTERROGATORIES, SET ONE, DIRECTED TO DARRAGH CORPORATION

1  **DEFINITIONS AND INSTRUCTIONS**

2      1. THESE DEFINITIONS AND INSTRUCTIONS ARE INCORPORATED INTO AND

3  ARE A PART OF EACH AND EVERY INTERROGATORY SET FORTH BELOW.

4      2. As used herein, the term "YOU" or "YOUR" shall mean defendant Darragh

5  Corporation, any predecessor or successor entity, and each of the officers, directors, agents and

6  employees, former and/or current, as well as any division, group, subsidiary, parent, affiliate of or

7  fictitious business name of any of the aforementioned entities.

8      3. The terms "CONCERN" or "CONCERNING" shall mean mentioning or describing,

9  pertaining to, referring to, relating to, connected with, created in connection with or as a result of,

10  commenting on, memorializing, embodying, evaluating, describing, analyzing, discussing,

11  reflecting or constituting, whether directly or indirectly, explicitly or implicitly, or in whole or in

12  part, a stated subject matter.

13      4. The term "COMPLAINT" means and refers to the Complaint filed by Plaintiffs in this

14  action.

15      5. The phrase "AFFIRMATIVE DEFENSE", as used herein, shall mean any affirmative

16  defense stated in the Answer filed with the Court by YOU in this matter.

17      6. The term "IDENTIFY" when used in reference to an individual person, means to:

18          a. State his or her full name;

19          b. State his or her last known address and telephone number;

20          c. State his present or last position with YOU (e.g., Vice President, Supervisor,

21      hourly employee, etc.).

22      7. The term "IDENTIFY" when used in reference to a document, writing or written

23  communication, means to state the date of preparation, author, title (if any), subject matter,

24  number of pages, and type of document (e.g., contract, letter, report, etc.) or describe the

25  document or writing in a fashion sufficiently precise to support a request to produce under Rule

26  34 of the Federal Rules of Civil Procedure and/or a motion to compel production of the

27  document.

28      8. The term "DOCUMENT" or "WRITING" means any writing as defined in California

1   Evidence Code § 250 and/or Federal Rules of Evidence 1001(a) and 1001(b), and includes any

2   written, printed, typed, copied, recorded or other graphic matter including, but not limited to

3   contracts, assignment calendars or logs, canceled checks, files, correspondence, letters, minutes,

4   records, books, ledgers, papers, telegrams, memoranda, notes, notices, diaries and calendars.

5       9. The term "PERSON", as used herein, shall be deemed to include, in the plural as well

6   as the singular, any natural person, firm, association, partnership, joint venture, corporation,

7   union or other legal entity, unless the context indicates otherwise.

8       10. The singular number and masculine gender, as used herein, shall be deemed to

9   include the plural, the feminine or the neuter, as may be appropriate.

10      11. The term "PLAINTIFFS" or "PLAINTIFF" as used herein shall mean those plaintiffs

11   named in the COMPLAINT, collectively and individually.

12      12. The term "REQUESTS FOR ADMISSION" shall refer to Plaintiff's Requests For

13   Admissions, Set One, directed to YOU, served herewith.

14

15                    **INTERROGATORIES**

16   **INTERROGATORY NO. 1**

17      If YOUR response to each of the REQUESTS FOR ADMISSION is anything other than

18   an unequivocal admission, for each response state all facts on which you base the response(s).

19   **INTERROGATORY NO. 2**

20      If YOUR response to each of the REQUESTS FOR ADMISSION is anything other than

21   an unequivocal admission, for each response IDENTIFY all PERSONS who you believe

22   possesses any information related to YOUR response.

23   **INTERROGATORY NO. 3**

24      If YOUR response to each of the REQUESTS FOR ADMISSION is anything other than

25   an unequivocal admission, for each response IDENTIFY all DOCUMENTS that support your

26   response.

27

28

1 **INTERROGATORY NO. 4**

2      For each denial of a material allegation stated in YOUR answer to the Complaint, state in

3 detail all facts upon which YOU base the material denial.

4 **INTERROGATORY NO. 5**

5      For each denial of a material allegation stated in YOUR answer to the Complaint,

6 IDENTIFY all DOCUMENTS which support YOUR denial.

7 **INTERROGATORY NO. 6**

8      State in detail all facts which support any AFFIRMATIVE DEFENSE set forth in YOUR

9 answer to the COMPLAINT.

10 **INTERROGATORY NO. 7**

11      IDENTIFY all DOCUMENTS which support any AFFIRMATIVE DEFENSE set forth in

12 YOUR answer to the COMPLAINT.

13 **INTERROGATORY NO. 8**

14      IDENTIFY all employees of Darragh Corporation from January 1, 2003 through the

15 present.

16 **INTERROGATORY NO. 9**

17      For each employee identified in YOUR response to Interrogatory No. 8 herein, state the

18 dates of employment with Darragh Corporation.

19 **INTERROGATORY NO. 10**

20      IDENTIFY all persons who have served on the Board of Directors of Darragh

21 Corporation from January 1, 2003 through the present.

22 **INTERROGATORY NO. 11**

23      For each person identified in YOUR response to Interrogatory No. 10 herein, state the

24 dates of service as a director of Darragh Corporation.

25 **INTERROGATORY NO. 12**

26      IDENTIFY all persons who have served as an officer of Darragh Corporation from

27 January 1, 2003 through the present.

28

1  **INTERROGATORY NO. 13**

2       For each person identified in YOUR response to Interrogatory No. 12 herein, state the

3  dates of service as an officer of Darragh Corporation.

4  **INTERROGATORY NO. 14**

5       IDENTIFY all shareholders of Darragh Corporation from January 1, 2003 through the

6  present.

7  **INTERROGATORY NO. 15**

8       For each person identified in YOUR response to Interrogatory No. 14 herein, state the

9  dates during which each person owned shares of Darragh Corporation.

10  **INTERROGATORY NO. 16**

11       IDENTIFY all bank accounts held in the name of Darragh Corporation from January 1,

12  2003 through the present.

13  **INTERROGATORY NO. 17**

14       Have YOU made any payments on behalf of defendant Darragh Dimensional Stone from

15  any account held in the name of Darragh Corporation?

16  **INTERROGATORY NO. 18**

17       If YOUR answer to interrogatory No. 17 above is "Yes", please describe by date, payee

18  and amount each payment made on behalf of defendant Darragh Dimensional Stone from any

19  account held in the name of Darragh Corporation.

20  **INTERROGATORY NO. 19**

21       Have YOU contracted with any third PERSON, not a party to this lawsuit, to provide

22  labor or services in which you subcontracted any part of that work to Darragh Dimensional

23  Stone?

24  **INTERROGATORY NO. 20**

25       If YOUR answer to Interrogatory No. 19 herein in "Yes", IDENTIFY by third PERSON,

26  project name and dates of project for each contract that you subcontracted work to Darragh

27  Dimensional Stone.

28

1 | **INTERROGATORY NO. 21**

2 |     Have YOU made any loans to Darragh Dimensional Stone?

3 | **INTERROGATORY NO. 22**

4 |     If YOUR answer to Interrogatory No. 21 herein is "Yes", identify by purpose, date and

5 | amount each loan made to Darragh Dimensional Stone.

6 | **INTERROGATORY NO. 23**

7 |     Did Darragh Dimensional Stone reimburse YOU for any loan described in YOUR answer

8 | to Interrogatory No. 22 herein?