# Exhibit 4

Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock, Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST, et al. | Case No.: C 07-03511 EDL |
| Plaintiffs, | SPECIAL INTERROGATORIES (SET ONE) DIRECTED TO DEFENDANT JOHN DARRAGH BEVAN |
| vs. | |
| DARRAGH CORPORATION, et al. | |
| Defendants. | |

PROPOUNDING PARTY:   PLAINTIFF, Trustees of the Bricklayers Local No. 3 Pension Trust

RESPONDING PARTY:    DEFENDANT, John Darragh Bevan

SET NO.:             1 (One)

Plaintiff, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST, hereby requests, pursuant to Federal Rules of Civil Procedure, Rule 33, that defendant, JOHN DARRAGH BEVAN answer the following interrogatories separately and under oath, within 30 days of service of these interrogatories upon you.

Dated: January 30, 2008                KATZENBACH & KHTIKIAN

                                       By: _____
                                           Kimberly A. Hancock
                                           Attorney for Plaintiffs

SPECIAL INTERROGATORIES, SET ONE, DIRECTED TO JOHN DARRAGH BEVAN

## DEFINITIONS AND INSTRUCTIONS

1. THESE DEFINITIONS AND INSTRUCTIONS ARE INCORPORATED INTO AND ARE A PART OF EACH AND EVERY INTERROGATORY SET FORTH BELOW.

2. As used herein, the term "YOU" or "YOUR" shall mean defendant John Darragh Bevan.

3. The terms "CONCERN" or "CONCERNING" shall mean mentioning or describing, pertaining to, referring to, relating to, connected with, created in connection with or as a result of, commenting on, memorializing, embodying, evaluating, describing, analyzing, discussing, reflecting or constituting, whether directly or indirectly, explicitly or implicitly, or in whole or in part, a stated subject matter.

4. The term "COMPLAINT" means and refers to the Complaint filed by Plaintiffs in this action.

5. The phrase "AFFIRMATIVE DEFENSE", as used herein, shall mean any affirmative defense stated in the Answer filed with the Court by YOU in this matter.

6. The term "IDENTIFY" when used in reference to an individual person, means to:
   a. State his or her full name;
   b. State his or her last known address and telephone number;
   c. State his present or last position with YOU (e.g., Vice President, Supervisor, hourly employee, etc.).

7. The term "IDENTIFY" when used in reference to a document, writing or written communication, means to state the date of preparation, author, title (if any), subject matter, number of pages, and type of document (e.g., contract, letter, report, etc.) or describe the document or writing in a fashion sufficiently precise to support a request to produce under Rule 34 of the Federal Rules of Civil Procedure and/or a motion to compel production of the document.

8. The term "DOCUMENT" or "WRITING" means any writing as defined in California Evidence Code § 250 and/or Federal Rules of Evidence 1001(a) and 1001(b), and includes any written, printed, typed, copied, recorded or other graphic matter including, but not limited to

contracts, assignment calendars or logs, canceled checks, files, correspondence, letters, minutes, records, books, ledgers, papers, telegrams, memoranda, notes, notices, diaries and calendars.

9. The term "PERSON", as used herein, shall be deemed to include, in the plural as well as the singular, any natural person, firm, association, partnership, joint venture, corporation, union or other legal entity, unless the context indicates otherwise.

10. The singular number and masculine gender, as used herein, shall be deemed to include the plural, the feminine or the neuter, as may be appropriate.

11. The term "PLAINTIFFS" or "PLAINTIFF" as used herein shall mean those plaintiffs named in the COMPLAINT, collectively and individually.

12. The term "REQUESTS FOR ADMISSION" shall refer to Plaintiff's Requests For Admissions, Set One, directed to YOU, served herewith.

## INTERROGATORIES

**INTERROGATORY NO. 1**

Have YOU made any payments on behalf of defendant Darragh Dimensional Stone from any account held in YOUR name?

**INTERROGATORY NO. 2**

If YOUR answer to interrogatory No. 1 above is "Yes", identify by date, payee and amount each payment made on behalf of defendant Darragh Dimensional Stone from any account held in YOUR name.

**INTERROGATORY NO. 3**

Have YOU made any loans to Darragh Dimensional Stone?

**INTERROGATORY NO. 4**

If YOUR answer to Interrogatory No. 3 herein is "Yes", identify by purpose, date and amount each loan made to Darragh Dimensional Stone.

**INTERROGATORY NO. 5**

Did Darragh Dimensional Stone reimburse YOU for any loan described in YOUR answer to Interrogatory No. 4 herein?

**INTERROGATORY NO. 6**

Have YOU transferred any funds to Darragh Dimensional Stone?

**INTERROGATORY NO. 7**

If YOUR answer to Interrogatory No. 6 herein is "Yes", identify by purpose, date and amount each fund transfer to Darragh Dimensional Stone.

**INTERROGATORY NO. 8**

Did Darragh Dimensional Stone reimburse YOU for any fund transfer identified in YOUR response to Interrogatory No. 7 herein?

**INTERROGATORY NO. 9**

Have YOU made any payments on behalf of defendant Darragh Corporation from any account held in YOUR name?

**INTERROGATORY NO. 10**

If YOUR answer to interrogatory No. 9 above is "Yes", identify by date, payee and amount each payment made on behalf of defendant Darragh Corporation from any account held in YOUR name.

**INTERROGATORY NO. 11**

Have YOU made any loans to Darragh Corporation?

**INTERROGATORY NO. 12**

If YOUR answer to Interrogatory No. 11 herein is "Yes", identify by purpose, date and amount each loan made to Darragh Corporation.

**INTERROGATORY NO. 13**

Did Darragh Corporation reimburse YOU for any loan described in YOUR answer to Interrogatory No. 12 herein?

**INTERROGATORY NO. 14**

Have YOU transferred any funds to Darragh Corporation?

**INTERROGATORY NO. 15**

If YOUR answer to Interrogatory No. 14 herein is "Yes", identify by purpose, date and amount each fund transfer to Darragh Corporation.

**INTERROGATORY NO. 16**

Did Darragh Corporation reimburse YOU for any fund transfer identified in YOUR response to Interrogatory No. 15 herein?