# Exhibit 5

Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock, Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>DARRAGH CORPORATION, et al.<br><br>Defendants. | Case No.: C 07-03511 EDL<br><br>REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE) DIRECTED TO DEFENDANT DARRAGH CORPORATION |

PROPOUNDING PARTY:   PLAINTIFF, Trustees of the Bricklayers Local No. 3 Pension Trust

RESPONDING PARTY:    DEFENDANT, Darragh Corporation

SET NO.:             1 (One)

Plaintiff hereby requests, pursuant to Federal Rules of Civil Procedure, Rule 34, that defendant, DARRAGH CORPORATION, produce for inspection by plaintiff at the offices of Katzenbach And Khtikian, 1714 Stockton Street, Suite 300, San Francisco, California at 10:00 a.m. on March 3, 2008 the records and writings described below as "Documents to be Produced", which were not previously produced by defendant.

The records and writings designated herein are currently in the possession, custody and control of the defendant or its agents and are relevant to the subject matter of this action or are reasonably calculated to lead to the discovery of admissible evidence in this action.

Attached hereto and incorporated herein is "Documents to be Produced".

| | |
|---|---|
| 1  Dated: January 30, 2008 | KATZENBACH & KHTIKIAN |
| 2 | |
| 3 | By: *Kimberly A Hancock* (signature) |
| | Kimberly A. Hancock |
| 4 | Attorneys for Plaintiffs |

5              **DOCUMENTS TO BE PRODUCED**

6                **I. Definitions and Instructions**.

7       1. THESE DEFINITIONS AND INSTRUCTIONS ARE INCORPORATED INTO AND
8  ARE A PART OF EACH AND EVERY REQUEST SET FORTH BELOW.  FOR EACH
9  DOCUMENT WHICH YOU PRODUCE IN RESPONSE TO THIS REQUEST IDENTIFY
10 WHICH PARAGRAPH(S) THE DOCUMENT IS RESPONSIVE TO.  PLEASE BE
11 FOREWARNED THAT SHOULD YOU FAIL TO FULLY RESPOND TO THIS REQUEST IT
12 WILL BE NECESSARY TO SEEK AN ORDER FROM THE COURT COMPELLING YOUR
13 FULL COMPLIANCE WITH THIS REQUEST AND SEEKING PLAINTIFF'S ATTORNEY'S
14 FEES AND OTHER COSTS IN OBTAINING SUCH AN ORDER.

15      2. The original or original carbon copy of each document described herein is to be
16 produced.  If the original or original carbon copy is not in your possession, custody or control, a
17 full, clear, legible copy thereof is to be produced.

18      3. The term "DOCUMENT" or "WRITING" means:
19      Any written, printed, typed, copied, recorded or other graphic matter including, but not
20 limited to contracts, assignment calendars or logs, canceled checks, files, correspondence, letters,
21 minutes, records, books, ledgers, papers, telegrams, memoranda, notes, notices, diaries,
22 calendars, and other writings as defined in California Evidence Code § 250, which are in your
23 possession, custody or control or that of any agent, attorney, accountant, employee or
24 representative of yours or any person or entity acting for or on your behalf.

25      4. With respect to each document which is withheld from production for any reason,
26 provide a statement setting forth:
27      a. the name and title of the author(s);
28      b. the name and title of the person(s) to whom the document was addressed;

c. the names and titles of those to whom copies of the document were sent;

d. the date on which the document was written or otherwise produced and the date on which it was mailed, sent or delivered to its addressee(s);

e. the number of pages;

f. a brief description of the nature and subject matter;

g. the grounds upon which it is being withheld; and,

h. the paragraph number to which the document is otherwise responsive.

5. WITH RESPECT TO EACH DOCUMENT PRODUCED, INDICATE THE PARAGRAPH NUMBER OF THIS REQUEST TO WHICH EACH DOCUMENT IS RESPONSIVE.

6. As used herein, the term "COMMUNICATION" shall mean any oral or written or electronic transmittal of information, or request for information, made from one person to another person, whether made in person, by telephone, by electronic mail, or by any other means and includes any documents made only for the purpose of recording a communication, idea, statement, opinion or belief.

7. The terms "CONCERN" or "CONCERNING" shall mean mentioning or describing, pertaining to, referring to, relating to, connected with, created in connection with or as a result of, commenting on, memorializing, embodying, evaluating, describing, analyzing, discussing, reflecting or constituting, in whole or in part, a stated subject matter.

8. As used herein, the terms "YOU", "YOURS" or "DARRAGH" shall mean Darragh Corporation, any predecessor or successor entity, and each of the officers, directors, agents and employees, former and/or current, as well as any division, group, subsidiary, parent, affiliate of or fictitious business name of any of the aforementioned entities.

9. The term "COMPLAINT" as used herein shall mean the Complaint filed by plaintiffs in the above-entitled litigation.

10. The term "PLAINTIFFS" as used herein shall mean those plaintiffs named in the COMPLAINT, collectively and individually.

11. The term "UNION" as used here means plaintiff Bricklayers and Allied Craftworkers

Local Union No. 3, AFL-CIO, any predecessor or successor entity, and each of the officers, directors, agents and employees, former and/or current, as well as any division, group, subsidiary, parent, affiliate of or fictitious business name of any of the aforementioned entities.

12. The term "TRUSTS' as used herein shall the Bricklayers and Allied Craftworkers Local No. 3 Trusts.

## Designation of Documents to be Produced.

1. All DOCUMENTS including, but not limited to, correspondence, memoranda, electronic mail, diaries and notes of conversations, which CONCERN any COMMUNICATION between YOU and the UNION.

2. All DOCUMENTS including, but not limited to, correspondence, memoranda, electronic mail, diaries and notes of conversations, which CONCERN any COMMUNICATION between YOU and the TRUSTS (excluding any monthly remittance reports).

3. All DOCUMENTS CONCERNING any meetings of the Board of Directors of DARRAGH within the last five (5) years, including without limitation any minutes.

4. All DOCUMENTS CONCERNING any meetings of the shareholders of DARRAGH within the last five (5) years, including without limitation any minutes.

5. All lease agreements executed by YOU within the last five (5) years.

6. All DOCUMENTS CONCERNING rent payments made by YOU within the last five (5) years including without limitation cancelled checks.

7. All DOCUMENTS CONCERNING vehicles owned by YOU including without limitation vehicle purchase agreements and vehicle registration.

8. All DE-6 forms (Quarterly Wage and Withholding Report) filed with the State of California by YOU within the last five (5) years.

9. All bank statements within the last five (5) years from any bank accounts held in YOUR name.

10. All DOCUMENTS identified in YOUR response to Plaintiffs Special Interrogatory No. 3 directed to YOU, served herewith.

1  |  11. All DOCUMENTS identified in YOUR response to Plaintiff's Special Interrogatory
2  | No. 5 directed to YOU, served herewith.
3  |  12. All DOCUMENTS identified in YOUR response to Plaintiff's Special Interrogatory
4  | No. 7 directed to YOU, served herewith.