# Exhibit 2

1  Kent Khtikian, Esq. (#99843)
   Kimberly A. Hancock, Esq. (#205567)
2  Katzenbach and Khtikian
   1714 Stockton Street, Suite 300
3  San Francisco, California 94133-2930
   Telephone: (415) 834-1778
4  Facsimile: (415 834-1842

5  Attorney for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 TRUTEES OF THE BRICKLAYERS LOCAL NO. 3   ) Case No.: C 07-03511 EDL
   PENSION TRUST, et al.                   )
11                                         )
          Plaintiffs,                      )
12                                         ) SPECIAL INTERROGATORIES
      vs.                                  ) (SET ONE) DIRECTED TO
13                                         ) DEFENDANT DARRAGH
   DARRAGH CORPORATION, et al.             ) CORPORATION
14                                         )
                                           )
15        Defendants.                      )
                                           )
16
   PROPOUNDING PARTY:   PLAINTIFF, Trustees of the Bricklayers Local No. 3 Pension Trust
17
   RESPONDING PARTY:    DEFENDANT, Darragh Corporation
18
   SET NO.:             1 (One)
19
       Plaintiff, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST,
20
   hereby requests, pursuant to Federal Rules of Civil Procedure, Rule 33, that defendant,
21
   DARRAGH CORPORATION answer the following interrogatories separately and under oath,
22
   within 30 days of service of these interrogatories upon you.
23
   Dated: January 30, 2008              KATZENBACH & KHTIKIAN
24

25
                                  By: _____
26                                     Kimberly A. Hancock
                                       Attorney for Plaintiffs
27

28

## DEFINITIONS AND INSTRUCTIONS

1. THESE DEFINITIONS AND INSTRUCTIONS ARE INCORPORATED INTO AND ARE A PART OF EACH AND EVERY INTERROGATORY SET FORTH BELOW.

2. As used herein, the term "YOU" or "YOUR" shall mean defendant Darragh Corporation, any predecessor or successor entity, and each of the officers, directors, agents and employees, former and/or current, as well as any division, group, subsidiary, parent, affiliate of or fictitious business name of any of the aforementioned entities.

3. The terms "CONCERN" or "CONCERNING" shall mean mentioning or describing, pertaining to, referring to, relating to, connected with, created in connection with or as a result of, commenting on, memorializing, embodying, evaluating, describing, analyzing, discussing, reflecting or constituting, whether directly or indirectly, explicitly or implicitly, or in whole or in part, a stated subject matter.

4. The term "COMPLAINT" means and refers to the Complaint filed by Plaintiffs in this action.

5. The phrase "AFFIRMATIVE DEFENSE", as used herein, shall mean any affirmative defense stated in the Answer filed with the Court by YOU in this matter.

6. The term "IDENTIFY" when used in reference to an individual person, means to:
   a. State his or her full name;
   b. State his or her last known address and telephone number;
   c. State his present or last position with YOU (e.g., Vice President, Supervisor, hourly employee, etc.).

7. The term "IDENTIFY" when used in reference to a document, writing or written communication, means to state the date of preparation, author, title (if any), subject matter, number of pages, and type of document (e.g., contract, letter, report, etc.) or describe the document or writing in a fashion sufficiently precise to support a request to produce under Rule 34 of the Federal Rules of Civil Procedure and/or a motion to compel production of the document.

8. The term "DOCUMENT" or "WRITING" means any writing as defined in California

Evidence Code § 250 and/or Federal Rules of Evidence 1001(a) and 1001(b), and includes any written, printed, typed, copied, recorded or other graphic matter including, but not limited to contracts, assignment calendars or logs, canceled checks, files, correspondence, letters, minutes, records, books, ledgers, papers, telegrams, memoranda, notes, notices, diaries and calendars.

9. The term "PERSON", as used herein, shall be deemed to include, in the plural as well as the singular, any natural person, firm, association, partnership, joint venture, corporation, union or other legal entity, unless the context indicates otherwise.

10. The singular number and masculine gender, as used herein, shall be deemed to include the plural, the feminine or the neuter, as may be appropriate.

11. The term "PLAINTIFFS" or "PLAINTIFF" as used herein shall mean those plaintiffs named in the COMPLAINT, collectively and individually.

12. The term "REQUESTS FOR ADMISSION" shall refer to Plaintiff's Requests For Admissions, Set One, directed to YOU, served herewith.

## INTERROGATORIES

**INTERROGATORY NO. 1**

If YOUR response to each of the REQUESTS FOR ADMISSION is anything other than an unequivocal admission, for each response state all facts on which you base the response(s).

**INTERROGATORY NO. 2**

If YOUR response to each of the REQUESTS FOR ADMISSION is anything other than an unequivocal admission, for each response IDENTIFY all PERSONS who you believe possesses any information related to YOUR response.

**INTERROGATORY NO. 3**

If YOUR response to each of the REQUESTS FOR ADMISSION is anything other than an unequivocal admission, for each response IDENTIFY all DOCUMENTS that support your response.

**INTERROGATORY NO. 4**

For each denial of a material allegation stated in YOUR answer to the Complaint, state in detail all facts upon which YOU base the material denial.

**INTERROGATORY NO. 5**

For each denial of a material allegation stated in YOUR answer to the Complaint, IDENTIFY all DOCUMENTS which support YOUR denial.

**INTERROGATORY NO. 6**

State in detail all facts which support any AFFIRMATIVE DEFENSE set forth in YOUR answer to the COMPLAINT.

**INTERROGATORY NO. 7**

IDENTIFY all DOCUMENTS which support any AFFIRMATIVE DEFENSE set forth in YOUR answer to the COMPLAINT.

**INTERROGATORY NO. 8**

IDENTIFY all employees of Darragh Corporation from January 1, 2003 through the present.

**INTERROGATORY NO. 9**

For each employee identified in YOUR response to Interrogatory No. 8 herein, state the dates of employment with Darragh Corporation.

**INTERROGATORY NO. 10**

IDENTIFY all persons who have served on the Board of Directors of Darragh Corporation from January 1, 2003 through the present.

**INTERROGATORY NO. 11**

For each person identified in YOUR response to Interrogatory No. 10 herein, state the dates of service as a director of Darragh Corporation.

**INTERROGATORY NO. 12**

IDENTIFY all persons who have served as an officer of Darragh Corporation from January 1, 2003 through the present.

**INTERROGATORY NO. 13**

For each person identified in YOUR response to Interrogatory No. 12 herein, state the dates of service as an officer of Darragh Corporation.

**INTERROGATORY NO. 14**

IDENTIFY all shareholders of Darragh Corporation from January 1, 2003 through the present.

**INTERROGATORY NO. 15**

For each person identified in YOUR response to Interrogatory No. 14 herein, state the dates during which each person owned shares of Darragh Corporation.

**INTERROGATORY NO. 16**

IDENTIFY all bank accounts held in the name of Darragh Corporation from January 1, 2003 through the present.

**INTERROGATORY NO. 17**

Have YOU made any payments on behalf of defendant Darragh Dimensional Stone from any account held in the name of Darragh Corporation?

**INTERROGATORY NO. 18**

If YOUR answer to interrogatory No. 17 above is "Yes", please describe by date, payee and amount each payment made on behalf of defendant Darragh Dimensional Stone from any account held in the name of Darragh Corporation.

**INTERROGATORY NO. 19**

Have YOU contracted with any third PERSON, not a party to this lawsuit, to provide labor or services in which you subcontracted any part of that work to Darragh Dimensional Stone?

**INTERROGATORY NO. 20**

If YOUR answer to Interrogatory No. 19 herein in "Yes", IDENTIFY by third PERSON, project name and dates of project for each contract that you subcontracted work to Darragh Dimensional Stone.

SPECIAL INTERROGATORIES, SET ONE, DIRECTED TO DARRAGH CORPORATION        5

1 **INTERROGATORY NO. 21**

2    Have YOU made any loans to Darragh Dimensional Stone?

3 **INTERROGATORY NO. 22**

4    If YOUR answer to Interrogatory No. 21 herein is "Yes", identify by purpose, date and
5 amount each loan made to Darragh Dimensional Stone.

6 **INTERROGATORY NO. 23**

7    Did Darragh Dimensional Stone reimburse YOU for any loan described in YOUR answer
8 to Interrogatory No. 22 herein?