# Exhibit 3

1  Kent Khtikian, Esq. (#99843)
   Kimberly A. Hancock, Esq. (#205567)
2  Katzenbach and Khtikian
   1714 Stockton Street, Suite 300
3  San Francisco, California 94133-2930
   Telephone: (415) 834-1778
4  Facsimile: (415) 834-1842

5  Attorney for Plaintiffs

6

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 ) Case No.: C 07-03511 EDL
   PENSION TRUST, et al.                  )
11                                        )
          Plaintiffs,                     ) SPECIAL INTERROGATORIES
12                                        ) (SET ONE) DIRECTED TO
       vs.                                ) DEFENDANT DARRAGH
13                                        ) DIMENSIONAL STONE
   DARRAGH CORPORATION, et al.            )
14                                        )
                                          )
15        Defendants.                     )
                                          )
16

17 PROPOUNDING PARTY:   PLAINTIFF, Trustees of the Bricklayers Local No. 3 Pension Trust

18 RESPONDING PARTY:    DEFENDANT, Darragh Dimensional Stone

19 SET NO.:             1 (One)

20     Plaintiff, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST,

21 hereby requests, pursuant to Federal Rules of Civil Procedure, Rule 33, that defendant,

22 DARRAGH DIMENSIONAL STONE answer the following interrogatories separately and under

23 oath, within 30 days of service of these interrogatories upon you.

24 Dated: January 30, 2008              KATZENBACH & KHTIKIAN

25

26                                     By: _____
                                          Kimberly A. Hancock
27                                        Attorney for Plaintiffs

28

## DEFINITIONS AND INSTRUCTIONS

1. THESE DEFINITIONS AND INSTRUCTIONS ARE INCORPORATED INTO AND ARE A PART OF EACH AND EVERY INTERROGATORY SET FORTH BELOW.

2. As used herein, the term "YOU" or "YOUR" shall mean defendant Darragh Dimensional Stone, any predecessor or successor entity, and each of the officers, directors, agents and employees, former and/or current, as well as any division, group, subsidiary, parent, affiliate of or fictitious business name of any of the aforementioned entities.

3. The terms "CONCERN" or "CONCERNING" shall mean mentioning or describing, pertaining to, referring to, relating to, connected with, created in connection with or as a result of, commenting on, memorializing, embodying, evaluating, describing, analyzing, discussing, reflecting or constituting, whether directly or indirectly, explicitly or implicitly, or in whole or in part, a stated subject matter.

4. The term "COMPLAINT" means and refers to the Complaint filed by Plaintiffs in this action.

5. The phrase "AFFIRMATIVE DEFENSE", as used herein, shall mean any affirmative defense stated in the Answer filed with the Court by YOU in this matter.

6. The term "IDENTIFY" when used in reference to an individual person, means to:
    a. State his or her full name;
    b. State his or her last known address and telephone number;
    c. State his present or last position with YOU (e.g., Vice President, Supervisor, hourly employee, etc.).

7. The term "IDENTIFY" when used in reference to a document, writing or written communication, means to state the date of preparation, author, title (if any), subject matter, number of pages, and type of document (e.g., contract, letter, report, etc.) or describe the document or writing in a fashion sufficiently precise to support a request to produce under Rule 34 of the Federal Rules of Civil Procedure and/or a motion to compel production of the document.

8. The term "DOCUMENT" or "WRITING" means any writing as defined in California

1  Evidence Code § 250 and/or Federal Rules of Evidence 1001(a) and 1001(b), and includes any
2  written, printed, typed, copied, recorded or other graphic matter including, but not limited to
3  contracts, assignment calendars or logs, canceled checks, files, correspondence, letters, minutes,
4  records, books, ledgers, papers, telegrams, memoranda, notes, notices, diaries and calendars.
5       9. The term "PERSON", as used herein, shall be deemed to include, in the plural as well
6  as the singular, any natural person, firm, association, partnership, joint venture, corporation,
7  union or other legal entity, unless the context indicates otherwise.
8       10. The singular number and masculine gender, as used herein, shall be deemed to
9  include the plural, the feminine or the neuter, as may be appropriate.
10      11. The term "PLAINTIFFS" or "PLAINTIFF" as used herein shall mean those plaintiffs
11 named in the COMPLAINT, collectively and individually.
12      12. The term "REQUESTS FOR ADMISSION" shall refer to Plaintiff's Requests For
13 Admissions, Set One, directed to YOU, served herewith.
14
15                               **INTERROGATORIES**
16 **INTERROGATORY NO. 1**
17      IDENTIFY all employees of Darragh Dimensional Stone from January 1, 2003 through
18 the present.
19 **INTERROGATORY NO. 2**
20      For each employee identified in YOUR response to Interrogatory No. 1 herein, state the
21 dates of employment with Darragh Dimensional Stone.
22 **INTERROGATORY NO. 3**
23      IDENTIFY all persons who have served on the Board of Directors of Darragh
24 Dimensional Stone from January 1, 2003 through the present.
25 **INTERROGATORY NO. 4**
26      For each person identified in YOUR response to Interrogatory No. 3 herein, state the
27 dates of service as a director of Darragh Dimensional Stone.
28

**INTERROGATORY NO. 5**

IDENTIFY all persons who have served as an officer of Darragh Dimensional Stone from January 1, 2003 through the present.

**INTERROGATORY NO. 6**

For each person identified in YOUR response to Interrogatory No. 5 herein, state the dates of service as an officer of Darragh Dimensional Stone.

**INTERROGATORY NO. 7**

IDENTIFY all shareholders of Darragh Dimensional Stone from January 1, 2003 through the present.

**INTERROGATORY NO. 8**

For each person identified in YOUR response to Interrogatory No. 7 herein, state the dates during which each person owned shares of Darragh Dimensional Stone.

**INTERROGATORY NO. 9**

IDENTIFY all bank accounts held in the name of Darragh Dimensional Stone from January 1, 2003 through the present.

**INTERROGATORY NO. 10**

Have YOU made any payments on behalf of defendant Darragh Corporation from any account held in the name of Darragh Dimensional Stone?

**INTERROGATORY NO. 11**

If YOUR answer to Interrogatory No. 10 above is "Yes", please describe by date, payee and amount each payment made on behalf of defendant Darragh Corporation from any account held in the name of Darragh Dimensional Stone.

**INTERROGATORY NO. 12**

Have YOU made any loans to Darragh Corporation?

**INTERROGATORY NO. 13**

If YOUR answer to Interrogatory No. 12 herein is "Yes", identify by purpose, date and amount each loan made to Darragh Corporation.

1 **INTERROGATORY NO. 14**

2 Did Darragh Corporation reimburse YOU for any loan identified in YOUR response to
3 Interrogatory No. 13 herein?

4 **INTERROGATORY NO. 15**

5 Have YOU transferred any funds to Darragh Corporation?

6 **INTERROGATORY NO. 16**

7 If YOUR answer to Interrogatory No. 15 herein is "Yes", identify by purpose, date and
8 amount each fund transfer to Darragh Corporation.

9 **INTERROGATORY NO. 17**

10 Did Darragh Corporation reimburse YOU for any fund transfer identified in YOUR
11 response to Interrogatory No. 16 herein?

12 **INTERROGATORY NO. 18**

13 If YOUR response to each of the REQUESTS FOR ADMISSION is anything other than
14 an unequivocal admission, for each response state all facts on which you base the response(s).

15 **INTERROGATORY NO. 19**

16 If YOUR response to each of the REQUESTS FOR ADMISSION is anything other than
17 an unequivocal admission, for each response IDENTIFY all PERSONS who you believe
18 possesses any information related to YOUR response.

19 **INTERROGATORY NO. 20**

20 If YOUR response to each of the REQUESTS FOR ADMISSION is anything other than
21 an unequivocal admission, for each response IDENTIFY all DOCUMENTS that support your
22 response.

23
24
25
26
27
28